**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard GRAHAM, III, Defendant– Appellant.**

**No. 90–5070.**

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1991.

Decided Sept. 24, 1991.

**20**

Richard Melvin Karceski, White & Karceski, Towson, Md., argued, for defendant-appellant.

Lisa M. Griffin, Asst. U.S. Atty., Baltimore, Md., argued (Breckinridge L. Willcox, U.S. Atty., on brief), for plaintiff-appellee.

Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WILKINSON and WILKINS, Circuit Judges.

## OPINION

WILKINS, Circuit Judge:

Richard Graham, III appeals his sentence imposed for possession of cocaine. 21 U.S.C.A. § 844(a) (West Supp.1991). He contends that the district court erred in departing upward from the sentencing guidelines fine range based upon his wealth. We agree.

1. Graham committed the offense in April 1989 but was not sentenced until July 1990. The fine guideline in effect when Graham was sentenced, U.S.S.G. § 5E1.2 (Nov. 1989), increased the maximum fine from that applicable at the time

### I.

Graham pled guilty to possession of cocaine. His applicable guidelines determination began with a base offense level of 6. United States Sentencing Commission, *Guidelines Manual*, § 2D2.1(a)(2) (Nov. 1989). The district court reduced this level by 2 for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). Although the government moved for a downward departure for substantial assistance under U.S.S.G. § 5K1.1, the district court declined to grant a further reduction.

Because he had two prior convictions for possession of controlled substances, Graham's criminal history category was II. Graham's offense level of 4 combined with a criminal history category of II resulted in a sentencing guidelines imprisonment range of 0–6 months. The applicable sentencing guidelines fine range for level 4 was $250–$2,500. U.S.S.G. § 5E4.2(c)(3) (Oct. 1988).[1] The district court found that Graham did not "need incarceration" and sentenced him to three years of supervised probation with a condition, *inter alia*, of 500 hours of community service. The district court then departed upward from the guidelines fine range and imposed a fine in the amount of $25,000.

Graham has very substantial individual net worth and income. The district court decided to depart upward from the sentencing guidelines fine range based on Graham's considerable affluence. It concluded that the Sentencing Commission did not take into account "a person of such substantial wealth" in establishing the guidelines fine ranges.

Graham appeals the upward departure from the sentencing guidelines fine range. He also challenges the refusal by the district court to depart downward based on his substantial assistance to the government. Lastly, he contends that the district court erred in requiring 500 hours of community service.

Graham committed his offense. The district court applied the fine range in effect in April 1989. The parties do not contend that the district court erred in its handling of this issue.

## II.

### A.

■ Although this court has recognized standards for reviewing departures from the sentencing guidelines generally, we have not addressed the standards for reviewing departures from guidelines fine ranges. *See, e.g., United States v. Summers*, 893 F.2d 63 (4th Cir.1990) (reviewing sentence below guidelines imprisonment range); *United States v. Hummer*, 916 F.2d 186 (4th Cir.1990) (reviewing sentence above guidelines imprisonment range), *cert. denied,* —— U.S. ——, 111 S.Ct. 1608, 113 L.Ed.2d 670 (1991). The statute governing appellate review of sentences draws no distinction between review of departures from fine or imprisonment ranges. *See* 18 U.S.C.A. § 3742(e)–(f) (West Supp. 1991). Consequently, the standards we have previously established for review of departures are equally applicable to reviewing a fine at variance with the sentencing guidelines fine ranges.

■ Applying these standards, this court must first examine de novo the statement of reasons offered by the district court to determine whether it identified a factor not adequately considered by the Sentencing Commission in formulating the applicable guidelines range. We then review the sufficiency of the evidence to support the stated factor under a clearly erroneous standard. Next, the court must determine whether the district court abused its discretion in determining that the factor is sufficiently important such that a sentence outside the guidelines range should result and that the extent of departure is reasonable. *Hummer*, 916 F.2d at 192. We need proceed no further than the first prong of the departure test, for we conclude that a defendant's affluence is not a proper basis for sentencing above the applicable fine range established by the guidelines.

### B.

The district court based its decision to depart on its finding that the Sentencing Commission, in establishing the sentencing guidelines fine ranges, did not consider that a defendant may possess wealth sufficient to permit the payment of a larger fine. Graham argues that the district court impermissibly relied on his socio-economic status in violation of U.S.S.G. § 5H1.10, p.s., which provides that a defendant's socio-economic status is "not relevant in the determination of a sentence." Although not the only indicator, monetary wealth or the lack thereof is typically an accurate indicator of socio-economic status. *Cf. United States v. Lopez*, 938 F.2d 1293 (D.C.Cir.1991) (" 'socio-economic status' refers to an individual's status in society as determined by objective criteria such as education, income, and employment"). We conclude that by using Graham's wealth as the basis for departure the district court thus relied on a prohibited factor.

Moreover, we conclude that the departure was erroneous because the Sentencing Commission adequately considered a defendant's ability to pay in formulating the fine guideline. *See* 18 U.S.C.A. § 3553(b) (West Supp.1991). This guideline permits a district court to impose a fine below the minimum applicable fine range when a defendant is unable to pay the minimum amount. U.S.S.G. § 5E1.2(f). Thus, by clear implication the Sentencing Commission obviously considered the impact of a defendant's ability to pay the fine on the propriety of a departure from the guidelines fine ranges.

In determining the amount of the fine a district court must consider the amount necessary "to reflect the seriousness of the offense . . . , to promote respect for the law, to provide just punishment and to afford adequate deterrence." U.S.S.G. § 5E1.2(d)(1). The court must set the fine in an amount "sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive." U.S.S.G. § 5E1.2(e). The government argues that the requirements of subsections (d) and (e) indicate that the Sentencing Commission intended that an upward departure from the fine range is required when a fine at the maximum of the guidelines fine range will not fulfill these purposes. Such an interpretation, however, is inconsistent with section 5E1.2(b) which provides that "[e]xcept as

provided in subsections (f) and (i) ... the fine imposed *shall be* within the range specified." U.S.S.G. § 5E1.2(b) (emphasis added). Moreover, to permit an upward departure based on a defendant's ability to pay a greater fine would be tantamount to holding that the district court may impose *any* fine amount it determined the defendant's economic situation would permit, thereby effectively nullifying the fine guideline.[2]

 The Sentencing Commission promulgated section 5H1.10 in response to an explicit congressional mandate to "assure that the guidelines and policy statements are entirely neutral as to the race, sex, national origin, creed, and socioeconomic status of offenders." 28 U.S.C.A. § 994(d) (West Supp.1991). Legislative history accompanying the Sentencing Reform Act reflects a congressional intent that the Sentencing Commission construct the guidelines so as to avoid "preferential treatment to defendants of a particular race or religion or *level of affluence,* or to relegate to prisons defendants who are poor, uneducated, and in need of education and vocational training." S.Rep. No. 225, 98th Cong., 1st Sess. 171 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3354 (emphasis added). It is equally improper for a district court to impose a higher fine on an affluent defendant in lieu of incarceration as it is to impose incarceration because a less affluent defendant does not have the means to pay a higher fine. Indeed, to sanction the upward departure from the guidelines in this instance might send an improper message that the preferred punishment for affluent defendants is a fine in lieu of incarceration. In sum, the court must fashion an appropriate sentence within the applicable guidelines for probation, incarceration, and fines without regard to the defendant's affluence or socio-economic status. *Cf. United States v. McHan,* 920 F.2d 244, 247 (4th Cir.1990).

### III.

Graham argues that the district court erred in refusing to depart downward based upon his substantial assistance to the government. When the district court recognizes its discretion to depart downward, its decision to decline to do so is not reviewable by this court. *United States v. Bayerle,* 898 F.2d 28 (4th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990). The record demonstrates that the district court was aware of its discretion to reduce the sentence in recognition of the assistance provided by Graham and acknowledged by the government, but it chose not to follow the recommendation of the government.

### IV.

Finally, Graham cites as error the decision of the court to impose a requirement of 500 hours of community service. Graham premises this contention on language in the commentary to U.S.S.G. § 5F1.3 that suggests that "[c]ommunity service generally should not be imposed in excess of 400 hours." Assuming that a failure to follow this commentary language is a sentence outside the applicable guidelines range, *see* U.S.S.G. § 1B1.7, we do not view this portion of Graham's sentence as unreasonable, *see* 18 U.S.C.A. § 3742(e); *Hummer,* 916 F.2d at 192.

### V.

The district court erred in imposing a fine above the applicable sentencing guidelines fine range based on Graham's affluence. As required by 18 U.S.C.A. § 3742(f)(2)(A), we vacate his sentence and remand for resentencing.

**VACATED AND REMANDED.**

---

**2.** We do not intend to suggest that other aggravating factors could not be a basis for a departure above the guidelines fine range. We hold only that affluence alone cannot justify an upward fine departure.