7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lewis COLEMAN, Defendant-Appellant.
 No. 92-5892.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 12, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-89-486-JFM)
 Joshua R. Treem, Sheryl G. Holtz, Schulman, Treem, Kaminkow & Gilden, P.A., Baltimore, Maryland, for Appellant.
 Gary P. Jordan, United States Attorney, Richard C. Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Ronald Coleman entered a guilty plea to one count of mail fraud in violation of 18 U.S.C. § 1341 (1988) and one count of making a false statement in a passport application in violation of 18 U.S.C. § 1542 (1988). Pursuant to the agreement between the Government and Coleman, if Coleman provided substantial assistance the Government would file a Fed. R. Crim. P. 35 motion recommending a reduction in sentence. If the Government decided not to file a Rule 35 motion, defense counsel was to be notified no later than eleven months after sentencing. The Government failed to file a motion or notify defense counsel of its decision not to do so. As a result, Coleman's counsel filed a motion to compel the Government to file a Rule 35 motion. The district court held a hearing, which Coleman did not attend, on the motion. At the hearing, the district court granted Coleman's motion to compel the Government to file a Rule 35 motion, and denied the motion, finding that Coleman's assistance did not warrant a downward departure. Coleman appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738, 744 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal.
 
 
 2
 First, Coleman asserted that his absence at the hearing violated his constitutional rights. However, under Fed. R. Crim. P. 43(c)(3), (4), defendants are not required to be present during a hearing involving only issues of law or a hearing on a Rule 35 motion. Second, Coleman claimed that the district court erred in refusing to make a downward departure based on his assistance to the Government. Where a district court recognizes its right to depart downward for substantial assistance and declines to do so, the decision is not reviewable by this court. United States v. Graham, 946 F.2d 19, 22 (4th Cir. 1991). Hence, both issues lack merit.
 
 
 3
 In accordance with the requirements of Anders, supra, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1988), we require that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If required by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 4
 We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED