46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David A. MCMASTERS, Defendant-Appellant.
 No. 94-5653.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1995.
Decided Feb. 10, 1995.
 
 Harry A. Smith, III, Jory & Smith, Elkins, WV for appellant.
 William D. Wilmoth, U.S. Atty., Thomas O. Mucklow, Asst. U.S. Atty., Wheeling, WV, for appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 David A. McMasters pled guilty to conspiracy to possess with intent to distribute and to distribute marijuana, 21 U.S.C.A. Sec. 846 (West Supp.1994). He appeals his sentence of twenty-four months imprisonment. McMasters argues on appeal that the district court clearly erred in enhancing his sentence for obstruction of justice. United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1993). He also maintains that the court abused its discretion in refusing to grant him a substantial assistance departure on the government's motion. USSG Sec. 5K1.1, p.s. We affirm in part and dismiss in part.
 
 
 2
 First, the decision to depart is in the sentencing court's discretion. The court here was in no doubt about its authority to depart, and its decision not to depart is not reviewable. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990); United States v. Graham, 946 F.2d 19, 22 (4th Cir.1991).
 
 
 3
 Second, the district court did not clearly err in finding that McMasters obstructed justice by willfully providing materially false information to the probation officer during the presentence investigation. USSG Sec. 3C1.1, comment. (n.3(h)). Although McMasters had no criminal history points, his record included a number of prior charges which were dismissed. Most of these he disclosed, including two bad check charges for checks written in 1986 which were disposed of in 1991 when McMasters paid the amounts due. However, he failed to report three additional bad check charges filed against him for checks written at the same time. McMasters testified at sentencing that he was unaware of the charges because they were filed after he left the state, and resulted from his prematurely closing a bank account. These bad check charges were dismissed after a year without being resolved.
 
 
 4
 McMasters also failed to inform the probation officer about an Arkansas conviction for driving under the influence. He reported as a "neighborhood dispute" a Maryland incident in which he was charged with assault and carrying weapons with intent to injure. The police report for the latter charge described McMasters as having held a gun to the head of the complainant's friend and firing four shots which struck no one.
 
 
 5
 Even though none of the omitted information affected McMasters' criminal history score, the court found that McMasters' omissions were material because they could have influenced a decision to depart upward under guideline section 4A1.3. "Material" information is defined in the commentary to section 3C1.1 as information which, if believed, would tend to affect the issue under determination--here, McMasters' criminal history category. The court did depart in this case; however, we cannot say that the court was clearly erroneous in finding that the omitted information was material. See United States v. Saintil, 910 F.2d 1231, 1233 (4th Cir.1990) (finding of materiality reviewed for clear error).
 
 
 6
 The sentence imposed by the district court is therefore affirmed. That portion of the appeal which contests the district court's decision not to depart is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, DISMISSED IN PART.