UNITED STATES of America, Plaintiff–Appellee,

v.

Ronald Bruce ADAMS, Defendant–Appellant.

No. 06–30482.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2007.

Submission Vacated June 20, 2007.

Submitted June 28, 2007.

Filed July 5, 2007.

Lori A. Harper Suek, Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Daniel V. Donovan, Esq., Thompson Potts & Donovan, P.C., Great Falls, MT, for Defendant–Appellant.

Before: PREGERSON, FERGUSON, and IKUTA, Circuit Judges.

MEMORANDUM *

Ronald Bruce Adams seeks resentencing arguing that the district court: 1) improperly considered his socioeconomic status in imposing his fine; 2) violated his Fifth Amendment right to remain silent by imposing a larger fine after he refused to disclose information about his drug operation; and 3) unreasonably imposed a fine given that there was no evidence showing ill-gotten gains. We reject all three arguments.

■ The district court did not plainly err in discussing Adams' financial resources in imposing the fine. Socioeconomic status is different than financial resources. *See* Webster's New World College Dictionary 1361 (4th ed.2005) (defining "socioeconomic" as "of or involving both social and economic factors"). The former has no place in sentencing, *see* U.S.S.G. § 5H1.10 (Nov.2005), but the latter is required by statute, *see* 18 U.S.C. § 3572(a) ("In determining whether to impose a fine, and the amount ... the court **shall** consider ... (1) the defendant's income, earning capacity, and financial resources") (emphasis added); *see also* U.S.S.G. § 5E1.2(d) (Nov.2005) ("In determining the amount of the fine, the court **shall** consider ... defendant's ability to pay ... in light of his earning capacity and financial resources ....") (emphasis added).

Adams' reliance on *United States v. Painter*, 375 F.3d 336 (5th Cir.2004), and *United States v. Graham*, 946 F.2d 19 (4th Cir.1991), for the proposition that wealth cannot be considered in imposing a fine is misplaced. These out-of-circuit cases consider challenges to upward departures. The pertinent question in a departure case

is whether "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). Because "the Sentencing Commission adequately considered a defendant's ability to pay in formulating the fine guideline," the district court in *Graham* erred in basing the departure on the defendant's financial resources. 946 F.2d at 21. No departure is at issue in this case so *Graham* and *Painter* are inapposite. The district court is required by statute to consider a defendant's financial resources in imposing a sentence in the first instance.

■ Further, the district court did not draw a negative inference or otherwise penalize Adams for failing to disclose information about his drug operation. Rather, the district court specifically recognized Adams' right to remain silent and noted it would have to rely solely on the government's evidence in determining the extent of gain or loss. This is not contrary to *Mitchell v. United States*, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999). *See United States v. Romero–Rendon*, 220 F.3d 1159 (9th Cir.2000).

■ Finally, Adams provides no legal authority for the proposition that a fine can be imposed only where ill-gotten gains are shown. Instead, ill-gotten gains are but one factor among many to be considered in imposing a fine. *See* 18 U.S.C. § 3572(a)(5). The district court specifically referenced § 3572 in imposing Adams' fine and discussed the appropriate factors, including the absence of evidence showing ill-gotten gains. The district court im-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

posed a within-Guidelines sentence and that sentence was reasonable. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2462, 168 L.Ed.2d 203 (2007).

**AFFIRMED.**