UNITED STATES of America, Appellee,

v.

**Forrest S. TUCKER,
Defendant, Appellant.**

No. 89–1222.

United States Court of Appeals,
First Circuit.

Heard Oct. 4, 1989.

Decided Dec. 19, 1989.

Robert D. Richman, Federal Defender Office, was on brief for defendant, appellant.

Martin F. Murphy, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., was on brief for appellee.

Before CAMPBELL, Chief Judge, and TORRUELLA, Circuit Judge, and TIMBERS,* Senior Circuit Judge.

TORRUELLA, Circuit Judge.

This appeal raises the issue of whether, in the circumstances of this case, the district court's decision not to depart from the applicable Sentencing Guidelines ("Guidelines") range is appealable. We find that it is not, and therefore dismiss the appeal.

PROCEDURAL BACKGROUND

Appellant Forrest S. Tucker ("Tucker") was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).[1] He pleaded guilty. The government and Tucker agree that the calculation of the Guidelines made by the Probation Office was correct. After a two part reduction for acceptance of responsibility, the computation resulted in an offense level of seven. Taking into consideration Tucker's criminal history category, the Guidelines called for a sentence of imprisonment within a two to eight month range.

Tucker argues that the district court should have departed from the Guidelines and imposed a sentence of probation. He contends that the particular circumstances in which he committed the offense, warranted a downward departure from the Guidelines under 18 U.S.C. § 3553(b). This subsection provides that a district court may depart if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). *See United States v. Diaz–Villafañe,* 874 F.2d 43, 49 (1st Cir.1989). The special mitigating circumstance in this case, Tucker argued, was his belief in the need to protect himself and his family due to threats resulting from his previous cooperation with the authorities against drug traffickers.

The district court refused to depart from the Guidelines. Tucker was, however, sentenced to the shortest term of confinement available under the applicable Guideline range (two months) to be served in the least restrictive condition (a community treatment center). This appeal followed.[2]

DISCUSSION

The Sentencing Reform Act ("the Act") specifically defines when a defendant can seek appellate review of a sentence. 18 U.S.C. § 3742(a). A defendant may appeal a sentence if it:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a

---

* Of the Second Circuit, sitting by designation.

1. 18 U.S.C. § 922(g) provides, in relevant part, as follows:

It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition....

2. We reject summarily the view that the district court was not aware of its authority to depart from the Guidelines in the circumstances of this case. *See United States v. Russell,* 870 F.2d 18 (1st Cir.1989). The language employed by the court reflects a conscious choice not to depart.

greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). Thus, a sentence within the applicable Guideline range can be appealed only if it was imposed "in violation of law," 18 U.S.C. § 3742(a)(1), or "as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2). *See United States v. Paulino,* 887 F.2d 358 (1st Cir.1989). According to the government, neither provision applies to an appeal from a refusal to depart from the applicable Guidelines. We agree.

Bearing in mind that the section seeks to establish "a *limited practice* of appellate review of sentences in the federal criminal justice system," S.Rep. No. 225, 98th Cong., 2nd Sess. (1983) (hereinafter S.Rep.) (emphasis added), *reprinted in* 1984 U.S. Code Cong. & Admin.News 3182, 3332, we address the appealability of Tucker's sentence.

First, a refusal to depart from the Guidelines cannot be considered within the "in violation of law" heading. Although through the Sentencing Reform Act, Congress sought to limit the trial court's discretion in sentencing, the decision *not* to depart from the Guidelines in essentially discretionary. *See United States v. Aguilar-Peña,* 887 F.2d 347 (1st Cir.1989); *United States v. Diaz-Villafañe,* 874 F.2d at 50. It is difficult to conceive how an abuse of that discretion would somehow amount to a "violation of law." If Congress meant "abuse of discretion," it would have said so. The phrase "in violation of law" connotes a much more limited circumstance, such as when defendant is denied some procedural right.

Second, we address the question we reserved in *United States v. Wright,* 873 F.2d 437, 442 (1st Cir.1989); namely, whether a sentencing court's decision not to depart, might be appealed from, as an "incorrect application" of the Guidelines. The language is not unambiguous. The policy statements in the Guidelines incorporate as a ground for departure "an aggravating or mitigating circumstance ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." Guidelines, § 5K2.0 (Policy Statement) (1987). Does not an "incorrect" refusal to depart constitute an incorrect application of the Guidelines? Viewed alone, the language seems to suggest an affirmative answer.

The examination of other instances where an appeal may be taken, together with the legislative history of the Act, however, clearly supports the conclusion that a refusal to depart cannot constitute an "incorrect application" of the Guidelines. Section 3742(a)(3) specifically makes appealable a sentence imposed *over* the applicable range. In other words, it permits appeals from decisions to depart upwards from the Guideline range. If a decision to depart from the Guidelines were appealable as an "incorrect application" of the Guidelines, then it would have been redundant for Congress to have enacted a separate provision. Clearly, this was not the case inasmuch as Congress made a conscious choice: whereas a decision to depart is appealable, a decision *not* to depart is not.

The legislative history of the Act supports this view. The Act requires:

"[T]he judge, before imposing sentence, to consider the history and characteristics of the offender, the nature and circumstances of the offense, and the purposes of sentencing. He is then to determine which sentencing guidelines and policy statements apply to the case. Either he may decide that the guideline recommendation appropriately reflects the offense and offender characteristics and impose sentence according to the guideline recommendation or he may conclude that the guidelines fail to reflect adequately a pertinent aggravating or mitigating circumstance and impose sentence outside the guidelines. A sentence

outside the guidelines is appealable, with the appellate court directed to determine whether the sentence is reasonable.

S.Rep., 1984 U.S.Code Cong. & Admin. News at 3235 (footnotes omitted). This report makes reference to sentencing both within and outside the Guidelines, yet it provides that only sentences *outside* the Guidelines are appealable. Again, this further implies that Congress did not intend to allow an appeal from a sentence *within* the Guidelines. Moreover, in the discussions leading to the proposed 18 U.S.C. § 3553(c), the Senate Report reveals that the requirement that the trial court state the reasons for sentencing *outside* the Guidelines is "especially important."

Under proposed 18 U.S.C. § 3742, a defendant may appeal a sentence above the applicable guidelines, and the government may appeal a sentence below the guidelines. If the appellate court finds that a sentence outside the guidelines is unreasonable, the case may be remanded to the trial court for resentencing or the sentence may be amended by the appellate court. The statement of reasons will play an important role in the evaluation of the reasonableness of the sentence. *Id.* at 3263.

In contrast, the required judicial statement for sentences imposed *within* the Guidelines is not envisioned for purpose of appellate review. Nevertheless, this statement is relevant when its purpose is "to inform the defendant and the public of the reasons why the offender is subject to that particular guideline and in order to guide probation officers and prison officials to develop a program to meet his needs." *Id.* More specifically, it was not intended that the statement of reasons for a sentence *within* the Guidelines "become a legal battleground for challenging the propriety of a particular sentence ..." *Id.* at 3262–63.

In holding that a district court's decision not to depart from the Guidelines is not appealable, we join the Second and the Seventh Circuits. Our brethren in those circuits have also held that in cases such as this one, there is no appellate jurisdiction. *United States v. Franz*, 886 F.2d 973 (7th Cir.1989); *United States v. Colon*, 884 F.2d 1550 (2d Cir.1989).

*Appeal dismissed.*