**UNITED STATES of America, Appellee,**

v.

**Dana PIGHETTI, Defendant, Appellant.**

**No. 89–1357.**

United States Court of Appeals,
First Circuit.

Heard Feb. 7, 1990.

Decided March 2, 1990.

Martin D. Boudreau, with whom Boudreau, Burke, McMenimen & Barber, Boston, Mass., was on brief, for defendant, appellant.

Joseph M. Walker, III, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before TORRUELLA and SELYA, Circuit Judges, and BOWNES, Senior Circuit Judge.

SELYA, Circuit Judge.

Defendant-appellant Dana Pighetti pled guilty to a charge of conspiracy to distribute upwards of 500 grams of cocaine, in violation of 21 U.S.C. § 846. The district court computed the total offense level, after all appropriate adjustments, as aggregating 34 points. *See generally United States v. Diaz–Villafane*, 874 F.2d 43, 47–48 (1st Cir.) (explaining method of computation under sentencing guidelines), *cert. denied*, ―― U.S. ――, 110 S.Ct. 177, 107

L.Ed.2d 133 (1989); *United States v. Wright,* 873 F.2d 437, 440 (1st Cir.1989) (similar). Appellant's criminal history category was I (no significant prior record). This translated to a presumptive sentencing range of 168–210 months. But, the court elected to disregard the guidelines, departed downward, and sentenced Pighetti to seven years (84 months) in prison.

Pighetti appeals, claiming that the extent of the downward departure was too niggardly given his cooperation with -the government. (The prosecution recommended a four-year sentence.) In this respect, he also asserts that the district court impermissibly "consider[ed] other offense behavior where that behavior was not a proper component of sentencing information," Appellant's Brief at p. 7, thereby infringing his constitutional rights. We conclude that we are without jurisdiction to hear Pighetti's appeal.

For most of this century, the instances in which defendants might rewardingly appeal sentences falling within the limits allowed by the statute of conviction were few and far between. *See United States v. Ruiz–Garcia,* 886 F.2d 474, 476–77 & n. 4 (1st Cir.1989) (discussing historical background and evolution). The Sentencing Reform Act, as amended, 18 U.S.C.A. §§ 3551–3585 (West 1985 & Supp.1988); 28 U.S.C.A. §§ 991–998 (West Supp.1988), opened the door much wider. However, the new law did not give defendants the right to appeal sentences on demand. Rather, it sought "to establish a *'limited practice* of appellate review of sentences in the Federal criminal justice system.'" *United States v. Tucker,* 892 F.2d 8, 10 (1st Cir.1989) (quoting S.Rep. No. 225, 98th Cong., 1st Sess. (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3332) (emphasis supplied by *Tucker* panel). To effectuate this end, Congress provided that a defendant could appeal a sentence which:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C.A. § 3742(a) (West Supp.1988).

█ We have held, squarely and recently, that a sentencing court's decision *not* to depart from the guidelines is unappealable. *Tucker, supra. Accord United States v. Franz,* 886 F.2d 973 (7th Cir.1989); *United States v. Colon,* 884 F.2d 1550 (2d Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). We today take the next logical step: for much the same reasons as were expressed in *Tucker,* we have no jurisdiction to review the extent of a downward departure merely because the affected defendant is dissatisfied with the quantification of the district court's generosity.[1] That is to say, the extent of a departure, like the decision to depart itself, is essentially discretionary, *see Diaz–Villafane,* 874 F.2d at 52, and the statute affords no grounds for the *beneficiary* of a departure decision to complain that the deviation should have been greater.

Pighetti's contention that the district court incorrectly assessed other relevant conduct makes no difference in our analysis. As counsel conceded at oral argument, if the interdicted behavior had been excised, a favorable two point adjustment in the base offense level would have resulted—and the sentence imposed would still have represented a downward departure,

---

**1.** By the same token, if the court departed upward, the government could not appeal on the basis that the departure was too modest. *See* 18 U.S.C. § 3742(b). Here, as in various other contexts pertaining to the sentencing guidelines,

"what is sauce for the accused's goose is, equally, sauce for the government's gander." *United States v. Williams,* 891 F.2d 962, 963 (1st Cir. 1989).

hence, not appealable by the accused. Because Pighetti's sentence was not imposed "in violation of law" or as a direct consequence of an "incorrect application" of the guidelines, 18 U.S.C. § 3742(a), we cannot consider his speculation that, had the sentencing range been lower (albeit still above the sentence actually imposed), or the perception of other conduct more tolerant, the judge might have exhibited even greater leniency.[2]

■■■ Appellant's attempt to bootstrap appellate standing by reference to the Constitution is equally unavailing. Despite appellant's bombastic statement of the issue, *see supra* at p. 4, he points to no reliance by the sentencing court on "improper or inaccurate information," *see, e.g., Dorszynski v. United States*, 418 U.S. 424, 431 n. 7, 94 S.Ct. 3042, 3047 n. 7, 41 L.Ed.2d 855 (1974);[3] rather, his contention boils down to a claim that the court drew a sorely erroneous inference from the information at hand. Merely saying that the court had a mistaken impression of the facts does not mean either that a defendant was sentenced on the basis of "false" information or that an appeal will lie from a downward departure. The Due Process Clause neither ensures that a defendant's version of the truth will be accepted at sentencing nor obligates the government to prove pertinent facts beyond a reasonable doubt. *McMillan v. Pennsylvania*, 477 U.S. 79, 91–92, 106 S.Ct. 2411, 2418–19, 91 L.Ed.2d 67 (1986) (in sentencing matters, preponderance standard satisfies due process requirements); *United States v. Blanco*, 888 F.2d 907, 908–09 (1st Cir.1989). In a nutshell, a defendant cannot confer a right of review on himself simply by challenging the conclusions drawn by the trier from subsidiary facts.

We need go no further. Defendant cannot appeal the district court's decision to

circumscribe the extent of a downward departure more severely than defendant might have liked. We lack appellate jurisdiction.

*Appeal dismissed.*

---

2. In any event, the matter is academic. The district judge's interpretation of the information available at sentencing, including the facts in the presentence report, was not clearly erroneous. The most that could be said for appellant's contention, should we reach it, is that the record gave rise to conflicting inferences anent Pighetti's conduct, and the judge, supportably in our view, eschewed the interpretation more con-

genial to the accused. We have no warrant to disturb such factbound determinations. *See, e.g., Diaz–Villafane*, 874 F.2d at 48; *Wright*, 873 F.2d at 443–44.

3. Indeed, appellant did not so much as object to the truthfulness of any of the facts set out in the presentence report.