**UNITED STATES, Appellee,**

v.

**Bill Ray McDOWELL, Defendant, Appellant.**

**No. 91–1457.**

United States Court of Appeals, First Circuit.

Heard Oct. 9, 1991.

Decided Feb. 20, 1992.

Irma R. Valldejuli, for defendant, appellant.

Ernesto Hernandez–Milan, Asst. U.S. Atty., with whom Daniel F. Lopez Romo, U.S. Atty., was on brief for appellee.

Before BREYER, Chief Judge, CAMPBELL, Circuit Judge, and ZOBEL,* District Judge.

ZOBEL, District Judge.

Defendant-appellant, Billy Ray McDowell, again complains that the district court sentenced him improperly. A brief recitation of the procedural history is necessary to understand his claims.

A jury found McDowell guilty on all three counts of an indictment charging him and several others with various drug trafficking crimes.[1] The trial judge at the

---

\* Of the District of Massachusetts, sitting by designation.

**1.** Specifically, defendant-appellant was found guilty on charges of aiding and abetting the

unlawful importation of cocaine into the United States in violation of 21 U.S.C. § 952(a); aiding and abetting the unlawful possession of cocaine with the intention to distribute in violation of 21

disposition found appellant to have been an "organizer or leader" and increased his base offense level of thirty-four by four levels pursuant to U.S.S.G. § 31B1.1(a). It then sentenced him near the low end of the applicable range, to a term of imprisonment of 241 months and a fine of $150,000.[2] On appeal, this Court affirmed the conviction, but vacated the sentence and remanded for resentencing because the district court had not made reasonably specific findings as to one of the elements of § 3B1.1(a), that the criminal activity which defendant organized or led "involved five or more participants or was otherwise extensive." *United States v. McDowell*, 918 F.2d 1004, 1012 (1st Cir.1990).

At the resentencing hearing, the government conceded that defendant was not a "leader or organizer" under § 3B1.1(a), but urged a finding of "manager or supervisor" under subparagraph (c) which provides for a two level upward adjustment. After hearing defendant's testimony and extensive argument by both counsel, the court found that defendant did not act in any supervisory capacity, but rather that he was the "in between man," the "messenger." Accordingly, the court computed the total offense level to be thirty-four and the applicable guideline range 151 to 188 months. It then resentenced the defendant to a term of imprisonment of 151 months. The remainder of the sentence tracked that originally imposed—a fine of $150,000, a period of supervised release, and a special assessment.

Defendant asserts error in three respects. First, he says, the fine is excessive in light of the fact that he was not found to be an "organizer or leader." Second, he claims the court did not consider his role as a minimal participant warranting a decrease in his offense level under U.S.S.G. § 3B1.2. Finally, defendant argues, the district judge failed to request an updated presentence investigation report ("PSI") prior to his resentencing and made no find-

ings for dispensing with this requirement. We affirm.

■ All of the claimed errors surfaced initially on appeal. None was brought to the attention of the district court at the time of resentencing, and "[i]t has long been the practice in this circuit that an issue not presented in the district court will not be addressed for the first time on appeal." *United States v. Curzi*, 867 F.2d 36, 44 (1st Cir.1989). *See United States v. Pacheco–Ortiz*, 889 F.2d 301, 307 (1st Cir. 1989).

■ Even if the defendant had preserved these issues for appeal, they do not warrant reversal. First, we have no jurisdiction to review the appropriateness of the $150,000 fine. It is well within the applicable guideline range, and we have held repeatedly that a sentence within the correct range, which is not otherwise imposed in violation of law, is not appealable. *E.g. United States v. Vega–Encarnacion*, 914 F.2d 20, 25 (1st Cir.1990); *United States v. Tucker*, 892 F.2d 8, 11, (1st Cir.1989).

■ Second, defendant's contention that the district court failed to consider his "minimal" role, is belied by the record. The court specifically found defendant to have been the messenger and then determined the total offense level without reduction under § 3B1.2. Defendant concedes that the underlying finding does not inevitably lead to the conclusion that he played a minor, let alone minimal, role. *See United States v. Paz Uribe*, 891 F.2d 396, 399 (1st Cir.1989), *cert. denied*, 495 U.S. 951, 110 S.Ct. 2216, 109 L.Ed.2d 542 (1990); *see also United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir.1989) (drug couriers not automatically entitled to downward adjustment under 3B1.2), *cert. denied*, 495 U.S. 923, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

Finally, the PSI required under Rule 32 was prepared for the original sentencing

---

U.S.C. § 841(a)(1); and aiding and abetting the unlawful possession of cocaine on board an aircraft in violation of 21 U.S.C. § 955.

**2.** The court also sentenced defendant to five years supervised release and imposed a special assessment of fifty dollars per count.

**38**

and was available to the court at the resentencing hearing.

The judgment of the district court is Affirmed.