980 F.2d 721
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES OF AMERICA, Appellee,
v.
Victor GALLEGO, Defendant, Appellant.
 No. 92-1626.
 United States Court of Appeals,
First Circuit.
 December 14, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND
 Jonathan F. Oster and Oster & Groff on brief for appellant.
 Lincoln C. Almond, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, on brief for the United States.
 D.R.I.
 APPEAL DISMISSED.
 Before Selya, Circuit Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 This criminal appeal involves two assignments of error derived from the same circumstances. Defendant-appellant Victor Gallego appeals the district court's failure to depart downward from the guideline sentencing range either because of the defendant's epilepsy or because his motive for the crime was allegedly to accumulate the money that he needed to pay for epilepsy medication. We dismiss the appeal for want of appellate jurisdiction.
 
 
 2
 We have said, time and again, that "a district court's refusal to depart, regardless of the suggested direction, is not appealable." United States v. Romolo, 937 F.2d 20, 22 (1st Cir. 1991); accord, e.g., United States v. Amparo, 961 F.2d 288, 292 (1st Cir.), cert. denied, 121 L.Ed.2d 161 (1992); United States v. Hilton, 946 F.2d 955, 957 (1st Cir. 1991); United States v. Harotunian, 920 F.2d 1040, 1044 (1st Cir. 1990); United States v. Ruiz, 905 F.2d 499, 508-09 (1st Cir. 1990); United States v. Pighetti, 898 F.2d 3, 4-5 (1st Cir. 1990): United States v. Tucker, 892 F.2d 8, 10-11 (1st Cir. 1989). A narrow exception to this rule exists "if the record supports an inference that the sentencing court's failure to depart did not represent an exercise of fact-finding or discretion, but was instead the product of the court's miscalculation about whether it possessed the authority to depart." Amparo, 961 F.2d at 292. That exception has no relevance here.
 
 
 3
 The colloquy at sentencing makes it perfectly plain that the district judge knew he possessed the legal authority to depart downward if the defendant suffered from an "extraordinary physical impairment," U.S.S.G. § 5H1.4, but declined to do so because he believed defendant's epilepsy to be "a sickness which can very definitely be controlled through the proper taking of medication" and, therefore, not "within the degree of severity ... which would warrant departure." Sentencing Transcript at 12-13. This was a judgment call, pure and simple, fully supportable on the record and unreviewable on appeal. See, e.g., Amparo, 961 F.2d at 292; Hilton, 946 F.2d at 959-60.
 
 
 4
 We do not think it advances appellant's cause that his asserted motive for drug trafficking was to obtain cash to purchase medication helpful in controlling his epilepsy. The sentencing guidelines do not provide for downward departures based on economic hardship. U.S.S.G. § 5K2.12 ("The Commission considered the relevance of economic hardship and determined that personal financial difficulties ... do not warrant a decrease in sentence."). Because the Sentencing Commission was aware of economic hardship as a possible motivation for crime, a downward departure under U.S.S.G. § 5K2.0 cannot rest on it. See, e.g., United States v. Pozzy, 902 F.2d 133, 139 (1st Cir.), cert. denied, 111 S.Ct. 353 (1990).[1]
 
 
 5
 We need go no further. There is no sign in this case "that the sentencing judge was unaware of his power to depart or misperceived the legal standard." Amparo, 961 F.2d at 292. To the contrary, the judge found the pertinent facts, employed the proper standard, and refused to reduce the sentence. "When, as here, a judge declines to depart after he or she has made an application of settled law to idiosyncratic facts, the court of appeals lacks jurisdiction to second-guess the decision." United States v. Tardiff, 969 F.2d 1283, 1290 (1st Cir. 1992).
 
 
 6
 Appeal dismissed. See 1st Cir. Loc. R. 27.1.
 
 
 
 [1]
 At any rate, we seriously question whether a lesser sentence could be imposed in this case given the mandatory terms of the statute of conviction. See 21 U.S.C. § 841(b)(1)(B) (1991); United States v. Rodriguez, 938 F2d 319 (1st Cir. 1991) (district court impermissibly contravened statute in sentencing below mandatory minimum). We are, of course, bound to follow Rodriguez, notwithstanding appellant's veiled suggestion that we overrule it. See, e.g., United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir.) (reiterating that, in a multi-panel circuit, newly constitutedpanels are bound by prior panel decisions closely in point), cert. denied, 112 S.Ct. 441 (1991)