USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1695 UNITED STATES OF AMERICA, Appellee, v. BRIAN COTTON a/k/a "EARL", Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Harry L. Miles for appellant. ______________ Kevin O'Regan, Assistant United States Attorney, with whom A. _____________ __ John Pappalardo, United States Attorney, was on brief for appellee. _______________ ____________________ January 28, 1994 ____________________ CYR, Circuit Judge. Appellant was sentenced pursuant CYR, Circuit Judge. _____________ to U.S.S.G. 2D1.1(c) and its accompanying Footnote*, which provide that the entire weight of a methamphetamine mixture and the net weight of the pure methamphetamine in the mixture are to be determined, and the court is to use whichever weight yields the greater sentence. Appellant claims that Footnote* should be disregarded in favor of the "market-oriented" approach supposedly approved in Chapman v. United States, ___ U.S. ___, 111 S. Ct. _______ _____________ 1919 (1991), for use in all drug-related sentencings, based on the mixture weight, i.e., the total product to be marketed. The _______ ____ "either/or" approach under U.S.S.G. 2D1.1(c) and its Footnote* is directly patterned on 21 U.S.C. 841(b)(1)(A)(viii),(B)(viii). Appellant concedes that this claim is effectively precluded by our decision in United States ______________ v. Stoner, 927 F.2d 45, 47 (1st Cir.), cert. denied, ___ U.S. ______ ____ ______ ___, 112 S. Ct. 129 (1991), which upheld the "either/or" provi- sion in 21 U.S.C. 841(b)(1)(B)(viii), but urges that we recon- sider Stoner in light of Chapman. ______ _______ Appellant overlooks the fact that Congress has not adopted a unitary approach to drug-crime punishment but an array of distinctive sentencing schemes for various categories of drugs. See 21 U.S.C. 841(b). Indeed, the Court in Chapman ___ _______ specifically adverted to the "either/or" sentencing treatment prescribed in methamphetamine (and PCP) cases, and concluded that "Congress knew how to indicate that the weight of the pure drug was to be used to determine the sentence, and did not make that 2 distinction with respect to LSD." Chapman, 111 S. Ct. at 1924 ____ _______ __ ___ _______ (emphasis added). The "market-oriented" approach appellant infers from Chapman would blunt the power of Congress to pre- _______ scribe criminal sanctions and frustrate its mandate in 21 U.S.C. 841(b)(1)(A)(iv),(viii) & (B)(iv),(viii), as well as U.S.S.G. 2D1.1(c) and the plain language of Footnote*. See id. at 1926- ___ ___ 28 (upholding legislative power to establish distinct sentencing schemes for different drugs). We therefore reaffirm Stoner and ______ affirm the sentence imposed by the district court.1 Affirmed. ________ ____________________ 1Appellant's remaining claim is that the district court erred in not departing downward based on the "unusual" circum- stance that he was sentenced in accordance with U.S.S.G. 2D1- .1(c) and Footnote*. Assuming we have jurisdiction, but see, ___ ___ e.g., United States v. Tucker, 892 F.2d 8, 10-11 (1st Cir. 1989), ____ _____________ ______ mere imposition of sentence in accordance with the applicable guidelines does not constitute an "unusual" circumstance warrant- ing departure, see United States v. Rivera, 994 F.2d 942, 949-52 ___ _____________ ______ (1st Cir. 1993). 3