32 F.3d 561
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Billy Ray MCDOWELL, JR., Defendant, Appellant.
 No. 93-2084
 United States Court of Appeals,
First Circuit.
 August 12, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Raymond L. Acosta, U.S. District Judge ]
 Billy Ray McDowell, Jr. on brief pro se.
 Guillermo Gil, United States Attorney, Jose A. Quiles- Espinosa, Senior Litigation Counsel, and Ernesto Hernandez-Milan, Assistant U.S. Attorney, on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Torruella, Chief Judge, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Billy Ray McDowell, Jr. was convicted of three counts of drug offenses. We affirmed that conviction on appeal. United States v. McDowell, 918 F.2d 1004 (1st Cir. 1990); see also United States v. McDowell, 957 F.2d 36 (1st Cir. 1992) (upholding resentencing after remand). Thereafter, in December 1992, McDowell filed a motion for a new trial on the ground of newly discovered evidence, which he claimed was Brady evidence[1] unlawfully retained in the hands of the prosecution. This allegedly newly discovered evidence consisted of (1) tape recordings of two conversations which occurred on February 1, 1988 between McDowell and Agent Francisco Sarra, who posed as Franklin Browne, a co-defendant, at the Dallas/Fort Worth airport[2] and (2) McDowell's telephone bills for January and February 1988. The district court denied that motion and McDowell has appealed. We affirm essentially for the reasons stated in the district court's opinion and order. United States v. McDowell, 830 F. Supp. 90 (D.P.R. 1993). We add only the following comments.
 
 
 2
 It is clear that none of the evidence now relied on is newly discovered. That is obviously true for McDowell's own telephone bills. Moreover, McDowell's claim that the prosecution is responsible for producing McDowell's own telephone bills is not only inaccurate, it is illogical.[3] The tape recordings of February 1, 1988 also were not newly discovered. McDowell, himself, testified at his resentencing hearing that, immediately after he was arrested, an agent played him a tape of his conversation with Agent Sarra. Tr. 4/4/91 at 24. He, therefore, knew of that tape's existence prior to trial. And, both the recordings-that of the telephone conversation and the recording from Sarra's body wire-were referred to at trial by Agent Sarra. Tr. 6/27/88 at 565; 567. Even if the government had failed to produce these tapes prior to trial-a concession which it does not make-McDowell knew about both recordings, at the latest, mid-trial, yet did not request copies, complain about any late disclosure, or seek a continuance of trial.[4] Brady claims, at least typically, involve "the discovery, after trial of information which had been known to the prosecution but unknown to the defense." United States v. Agurs, 427 U.S. 97, 103 (1976) (emphasis added).
 
 
 3
 In any event, there is scant, if any, exculpation in the February 1 recordings.[5] McDowell claims that the recorded telephone conversation is exculpatory because it shows that the $4,000 amount was suggested by Sarra. Even assuming this is exculpatory, that is exactly what Sarra testified to at trial. McDowell also claims that the recording reveals that Sarra testified falsely about referring to a package that McDowell was to pick up. While there is no specific reference to a package, McDowell's own description of the recorded conversation has Sarra telling McDowell to "beep me just before you come by and get this." Appellant's brief at p. 25. Rather than revealing perjury, McDowell's description of the recorded conversation and Sarra's trial testimony, while not mirror reflections, seem wholly consistent. It, therefore, appears to have little, if any, impeachment value. In sum, even assuming that the prosecution failed to disclose the tape recording of the February 1 telephone conversation between McDowell and Sarra, that evidence was not material, i.e., there is no "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985) (opinion of Blackmun, J.); see also id. at 685 (White, J., concurring).
 
 
 4
 Finally, there was no abuse of discretion by the district court in declining to hold an evidentiary hearing on the new trial motion.[6] See United States v. Panitz, 907 F.2d 1267, 1273-74 (1st Cir. 1990) (reciting abuse of discretion standard for district court decision whether to hold an evidentiary hearing); United States v. Slocum, 708 F.2d 587, 600 (11th Cir. 1983) (same).
 
 Affirmed.[7]
 
 
 [1]
 See Brady v. Maryland, 373 U.S. 83 (1963)
 
 
 [2]
 One was a telephone conversation with Agent Sarra pretending to have just arrived at the airport. The second conversation was recorded by a body wire worn by Sarra when he met McDowell at the airport
 
 
 [3]
 McDowell claims that, in support of his new trial motion, he submitted the relevant telephone bills for both his residence and his mobile telephones. And, he argues that the district court misunderstood the collect call to Fort Worth, Texas to which he referred. He says that the relevant call was the collect call to Fort Worth made by co-defendant Browne after co-defendant Darrin Taylor was arrested but before Browne, himself, was arrested. He contends that no charge which could represent that collect call appears on those bills. Even properly understood, McDowell's claim cannot evade the fatal blow that his own telephone bills cannot be newly discovered. In any event, whether Browne did or did not make a prearrest collect call to McDowell does not significantly detract from the quantum of evidence supporting McDowell's conviction
 
 
 [4]
 Indeed, although McDowell claims (inaccurately) that he did not know of the tapes' existence until resentencing, he did not even complain at resentencing in April 1991 about any allegedly late disclosure. Rather, it was not until December 1992, after his unsuccessful appeal from the resentencing, that McDowell first raised this claim
 
 
 [5]
 McDowell makes no claim about the substance of the conversation picked up by the body wire. After listening to that tape, the district court stated that that conversation is unintelligible due to background noise. Agent Sarra said the same thing at trial
 
 
 [6]
 The district court, in fact, listened to the tape recordings submitted by McDowell with his new trial motion. McDowell apparently contends, however, that the district court should have also heard live testimony
 
 
 [7]
 The facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. McDowell's request for oral argument, therefore, is denied. Loc. R. 34.1(a)