USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1969 UNITED STATES, Appellee, v. RAMON PRUDENCIO VANEGAS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Frank D. Inserni on brief for appellant. ________________ Guillermo Gil, United States Attorney, Warren Vazquez, Assistant _____________ ______________ United States Attorney, and Jos A. Quiles-Espinosa, Senior Litigation _______________________ Counsel, on brief for appellee. ____________________ April 13, 1995 ____________________ Per Curiam. In April 1994, defendant Ramon Prudencio __________ Vanegas pled guilty to a charge of possessing, with intent to distribute, over 100 kilograms of marijuana on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. 1903(a). In August 1994, he was sentenced to a prison term of 87 months. Throughout this period, defendant (a 57-year-old citizen of Colombia) suffered from a hearing impairment and a prostate condition.1 Anticipating that his medical condition would be a relevant factor at sentencing, he sought permission in May 1994 to retain a physician to provide him with a complete assessment thereof. This motion was denied, and the matter was not thereafter pursued. Defendant now appeals, alleging that the district court erred in denying this request. We find no abuse of discretion and therefore affirm. Defendant complains that the lack of a private medical evaluation hampered his ability to argue for a reduced sentence in light of his ailments.2 This contention falters for at least two reasons. First, far from objecting at  ____________________ 1. The hearing impairment resulted in partial loss of hearing. The prostate condition, according to defendant, was diagnosed in a May 1994 prison medical report as benign prostate hypertrophy (enlargement), which caused no major pain or discomfort. 2. He similarly complains that the denial of his motion prevented him from negotiating a more favorable plea agreement with the government. It is difficult to understand how, since the plea agreement was completed several weeks before his motion was filed. -2- sentencing to the state of the medical evidence, defense counsel acknowledged that the matter had been "adequately addressed." Second, the district court ended up agreeing to a two-level downward departure on account of defendant's health and age (going beyond the government's recommendation for a one-level departure in this regard). See U.S.S.G.  ___ 5H1.1, 5H1.4.3 It also recommended that defendant be confined at an institution equipped with appropriate treatment facilities. By these and other actions,4 the court evinced an obvious appreciation of defendant's medical situation. Defendant also suggests that his hearing impairment prevented him from fully understanding what transpired at sentencing. Yet the district court was aware of this condition, having advised the interpreter at the outset to speak firmly since "defendant is hard of hearing."  ____________________ 3. Ordinarily, a defendant who receives the benefit of a downward departure cannot appeal on the ground that the departure was not sufficiently liberal. See, e.g., United ___ ____ ______ States v. Pighetti, 898 F.2d 3, 4 (1st Cir. 1990). Here, ______ ________ however, defendant does not appeal his sentence per se, but ______ appeals the denial of his motion for appointment of a physician. Since the outcome is the same in any event, we assume--but do not decide--that we have appellate jurisdiction. 4. Shortly after entering his guilty plea, defendant had filed a "motion requesting medical treatment" in which he complained that prison authorities had not properly attended to his medical needs. The court allowed the motion and ordered that defendant be provided with whatever treatment "his condition may require." -3- Defendant's replies to the court's inquiries were responsive in nature, reflecting no difficulties in comprehension. And neither defendant nor counsel voiced any complaint in this regard. This contention thus falters as well. Affirmed. See Loc. R. 27.1. ____________________________ -4-