[NOT FOR PUBLICATION] [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT



No. 96-1912

UNITED STATES OF AMERICA,

Appellee,

v.

PEDRO ANTONIO RAMOS-ROSA,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge] 



Before

Selya, Circuit Judge, 

Campbell, Senior Circuit Judge, 

and Lagueux,* District Judge. 



Ernesto Hernandez Milan on brief for appellant. 
Guillermo Gil, United States Attorney, Jos A. Quiles- 
Espinosa, Senior Litigation Counsel, W. Stephen Muldrow and 
Nelson P rez-Sosa, Assistant United States Attorneys, on brief 
for appellee.



June 9, 1997



*Of the District of Rhode Island, sitting by designation.

Per Curiam. Defendant-appellant Pedro Antonio Ramos- Per Curiam. 

Rosa (Ramos) challenges the sentence imposed following his guilty

plea to carjacking (count 1) and an associated firearms charge

(count 2). See 18 U.S.C. 2, 924(c)(1) & (3), 2119(3) (1994).  

Having reviewed the record carefully, we detect no error.

In this instance, the sentencing court figured the

applicable guideline sentencing range (GSR) to be 324 to 405

months on count 1. The government moved for a substantial

assistance departure, USSG 5K1.1, and the appellant chimed in,

seeking even greater clemency. The court chose a sentence of 225

months on count 1, followed by a mandatory minimum five-year

consecutive sentence on count 2.

The appellant does not contest the correctness of the

GSR. Nevertheless, he asserts that the court blundered in

denying him an appropriate downward departure by (a) erroneously

considering his past criminal history (including a juvenile

offense for which no conviction ensued), and (b) ignoring the

purpose of USSG 5K1.1 and the policy of the Sentencing

Commission in respect to offenders who assist the government. 

Additionally, he contends that the district court erred by

considering elements of the offense which already were considered

by the Sentencing Commission when it assigned a base offense

level to the crime of conviction. These claims are meritless.

"It is by now apodictic that a criminal defendant

cannot ground an appeal on the sentencing court's discretionary

decision not to depart below the GSR." United States v. Gifford, 

2

17 F.3d 462, 473 (1st Cir. 1994); see also Koon v. United States, 

116 S. Ct. 2035, 2046-47 (1996); Bruce M. Selya & Matthew R.

Kipp, An Examination of Emerging Departure Jurisprudence Under 

the Federal Sentencing Guidelines, 67 Notre Dame L. Rev. 1, 13-14 

(1991). This rule applies full bore to substantial assistance

departures. See United States v. Vaknin, F.3d , (1st 

Cir. 1997) [No. 96-1394, slip op. at 10-11]; United States v. 

Mariano, 983 F.2d 1150, 1155-57 (1st Cir. 1993). In both 

situations, the departure decision is unappealable as long as it

rests on differential factfinding or on the weighing of competing

equities; jurisdiction only attaches "when it appears that the

failure to depart stemmed from the sentencing court's mistaken

impression that it lacked the legal authority to depart or,

relatedly, from the court's misapprehension of the rules

governing departure." Mariano, 983 F.2d at 1153. No such 

oversight occurred here.

The appellant labors to find a cognizable error, but he

is unsuccessful. The district court in fact departed downward. 

The appellant's real dissatisfaction is that, as he sees it, the

extent of the departure was not sufficiently generous. In

general, such complaints are not cognizable on appeal. See 

United States v. Pighetti, 898 F.2d 3, 4 (1st Cir. 1990).  

Moreover, looking to the whole of the record, see United States 

v. Rostoff, 53 F.3d 398, 407 (1st Cir. 1995), it is perfectly 

clear that the trial judge knew he could depart once the

government invoked USSG 5K1.1. He in fact did so, choosing, as

3

was his right, to impose a sentence greater than the prosecution

had recommended or the appellant had hoped but still below the

nadir of the GSR.

The argument that the court should have gone further

lacks force. The transcript reveals that Judge Laffitte weighed

the assistance that the appellant rendered (indeed, the judge

noted that he had presided over the trial at which Ramos

testified). To be sure, the judge did not stop there, but a

sentencing court is not restricted to considering only the

defendant's substantial assistance on a section 5K1.1 motion; the

court may (and should) consider other facts. See Mariano, 983 

F.2d at 1156-57; see also 18 U.S.C. 3553. Accordingly, we 

believe it is entirely appropriate that Judge Laffitte mulled the

nature of the offenses and the appellant's participation in them. 

The judge also fully considered the purpose and policies

underlying section 5K1.1. This is exemplified by the court's

statement that, had Ramos not cooperated, the court "would have

given . . . a life sentence," but refrained from imposing one

because "cooperat[ion] with the government must also in some

degree be rewarded as a lesson to others that might be involved

in other criminal activities." After pondering these

considerations and other information in the record all of which

the court had a right to consult1 the court determined that,
 

1The record lacks any support for the appellant's assertion
that the court inappropriately considered prior criminal conduct
in assessing the sentence. The court appears merely to have
mentioned the prior conduct when suggesting that Ramos' criminal
history category underrepresented his prior record. The court

4

under the specific circumstances of the appellant's case, no

greater leniency was warranted. Such a decision was a judgment

call, well within the sentencing court's discretion. See Vaknin, 

F.3d at [slip op. at 13].

The appellant's second argument deserves very short

shrift. His one-paragraph reference transgresses the "settled

appellate rule that issues adverted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are

deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st 

Cir. 1990). That ends the matter.

We need go no further. The district court's departure

decision is quite clearly a permissible exercise of the court's

informed discretion, unaccompanied by any detectable error of

law. We will not second-guess it.

The judgment and sentence are summarily affirmed. See The judgment and sentence are summarily affirmed. 

1st Cir. R. 27.1.

 

then explained that Ramos ordinarily would have been a candidate
for an upward departure on this basis, but, given his
cooperation, the court instead weighed the underrepresentation in
considering the extent to which a downward departure was
warranted. We discern no error.

5