USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 96-1912 UNITED STATES OF AMERICA, Appellee, v. PEDRO ANTONIO RAMOS-ROSA, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lagueux,* District Judge. ______________ _________________________ Ernesto Hernandez Milan on brief for appellant. _______________________ Guillermo Gil, United States Attorney, Jos A. Quiles- _____________ _______________ Espinosa, Senior Litigation Counsel, W. Stephen Muldrow and ________ __________________ Nelson P rez-Sosa, Assistant United States Attorneys, on brief _________________ for appellee. _________________________ June 9, 1997 _________________________ _________________ *Of the District of Rhode Island, sitting by designation. Per Curiam. Defendant-appellant Pedro Antonio Ramos- Per Curiam. __________ Rosa (Ramos) challenges the sentence imposed following his guilty plea to carjacking (count 1) and an associated firearms charge (count 2). See 18 U.S.C. 2, 924(c)(1) & (3), 2119(3) (1994).  ___ Having reviewed the record carefully, we detect no error. In this instance, the sentencing court figured the applicable guideline sentencing range (GSR) to be 324 to 405 months on count 1. The government moved for a substantial assistance departure, USSG 5K1.1, and the appellant chimed in, seeking even greater clemency. The court chose a sentence of 225 months on count 1, followed by a mandatory minimum five-year consecutive sentence on count 2. The appellant does not contest the correctness of the GSR. Nevertheless, he asserts that the court blundered in denying him an appropriate downward departure by (a) erroneously considering his past criminal history (including a juvenile offense for which no conviction ensued), and (b) ignoring the purpose of USSG 5K1.1 and the policy of the Sentencing Commission in respect to offenders who assist the government.  Additionally, he contends that the district court erred by considering elements of the offense which already were considered by the Sentencing Commission when it assigned a base offense level to the crime of conviction. These claims are meritless. "It is by now apodictic that a criminal defendant cannot ground an appeal on the sentencing court's discretionary decision not to depart below the GSR." United States v. Gifford, _____________ _______ 2 17 F.3d 462, 473 (1st Cir. 1994); see also Koon v. United States, ___ ____ ____ _____________ 116 S. Ct. 2035, 2046-47 (1996); Bruce M. Selya & Matthew R. Kipp, An Examination of Emerging Departure Jurisprudence Under ________________________________________________________ the Federal Sentencing Guidelines, 67 Notre Dame L. Rev. 1, 13-14 _________________________________ (1991). This rule applies full bore to substantial assistance departures. See United States v. Vaknin, ___ F.3d ___, ___ (1st ___ _____________ ______ Cir. 1997) [No. 96-1394, slip op. at 10-11]; United States v. _____________ Mariano, 983 F.2d 1150, 1155-57 (1st Cir. 1993). In both _______ situations, the departure decision is unappealable as long as it rests on differential factfinding or on the weighing of competing equities; jurisdiction only attaches "when it appears that the failure to depart stemmed from the sentencing court's mistaken impression that it lacked the legal authority to depart or, relatedly, from the court's misapprehension of the rules governing departure." Mariano, 983 F.2d at 1153. No such _______ oversight occurred here. The appellant labors to find a cognizable error, but he is unsuccessful. The district court in fact departed downward.  The appellant's real dissatisfaction is that, as he sees it, the extent of the departure was not sufficiently generous. In general, such complaints are not cognizable on appeal. See ___ United States v. Pighetti, 898 F.2d 3, 4 (1st Cir. 1990).  _____________ ________ Moreover, looking to the whole of the record, see United States ___ _____________ v. Rostoff, 53 F.3d 398, 407 (1st Cir. 1995), it is perfectly _______ clear that the trial judge knew he could depart once the government invoked USSG 5K1.1. He in fact did so, choosing, as 3 was his right, to impose a sentence greater than the prosecution had recommended or the appellant had hoped but still below the nadir of the GSR. The argument that the court should have gone further lacks force. The transcript reveals that Judge Laffitte weighed the assistance that the appellant rendered (indeed, the judge noted that he had presided over the trial at which Ramos testified). To be sure, the judge did not stop there, but a sentencing court is not restricted to considering only the defendant's substantial assistance on a section 5K1.1 motion; the court may (and should) consider other facts. See Mariano, 983 ___ _______ F.2d at 1156-57; see also 18 U.S.C. 3553. Accordingly, we ___ ____ believe it is entirely appropriate that Judge Laffitte mulled the nature of the offenses and the appellant's participation in them.  The judge also fully considered the purpose and policies underlying section 5K1.1. This is exemplified by the court's statement that, had Ramos not cooperated, the court "would have given . . . a life sentence," but refrained from imposing one because "cooperat[ion] with the government must also in some degree be rewarded as a lesson to others that might be involved in other criminal activities." After pondering these considerations and other information in the record all of which the court had a right to consult1 the court determined that,  ____________________ 1The record lacks any support for the appellant's assertion that the court inappropriately considered prior criminal conduct in assessing the sentence. The court appears merely to have mentioned the prior conduct when suggesting that Ramos' criminal history category underrepresented his prior record. The court 4 under the specific circumstances of the appellant's case, no greater leniency was warranted. Such a decision was a judgment call, well within the sentencing court's discretion. See Vaknin, ___ ______ ___ F.3d at ___ [slip op. at 13]. The appellant's second argument deserves very short shrift. His one-paragraph reference transgresses the "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st _____________ _______ Cir. 1990). That ends the matter. We need go no further. The district court's departure decision is quite clearly a permissible exercise of the court's informed discretion, unaccompanied by any detectable error of law. We will not second-guess it. The judgment and sentence are summarily affirmed. See The judgment and sentence are summarily affirmed. ________________________________________________ ___ 1st Cir. R. 27.1.  ____________________ then explained that Ramos ordinarily would have been a candidate for an upward departure on this basis, but, given his cooperation, the court instead weighed the underrepresentation in considering the extent to which a downward departure was warranted. We discern no error. 5