[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-2356

UNITED STATES,

Appellee,

v.

JOSE DELIO HIDALGO-MARTE,
a/k/a Jamie Luis Carlo,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

Raymond J. Rigat and Gilbride & Rigat on brief for appellant.

Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

September 6, 2001

**Per curiam.**    Appellant, who pled guilty to two counts stemming from his unlawful reentry into the United States following deportation, claims that the district court erred in refusing to grant a downward departure in his sentence.  We conclude that we have no jurisdiction to review this claim and therefore dismiss the appeal.

A district court's discretionary refusal to depart downward is unreviewable unless the court mistakenly believed that it lacked authority to do so.  United States v. Patrick, 248 F.3d 11, 28 (1st Cir. 2001); United States v. Tucker, 892 F.2d 8, 10-11 (1st Cir. 1989).  At sentencing in this case, appellant's counsel urged the court to depart from the guideline range of 46 to 57 months, and impose a sentence of 37 months, based on three factors: (1) he returned to the United States because he wished to reunite with his wife and child after the emotionally difficult death of his mother, for whom he had been sole caretaker; (2) he suffers from diabetes; and (3) his criminal history category overstates the severity of his past criminal conduct.

The record shows that the district court understood its authority to depart, but declined to do so.  It imposed a 46-month term, stating:

> The Court considers that the medical condition and the other circumstances narrated by the defendant in open court do not justify a downward departure in this case, therefore, the verbal request is denied.

Indeed, appellant does not argue that the court misunderstood its authority to depart.  Rather, he asserts that we should review for abuse of discretion the court's judgment that his circumstances did not warrant a departure.  We have no jurisdiction to do so, however; the abuse-of-discretion standard applies when a court has made a departure, see Koon v. United States, 518 U.S. 81, 91, 100 (1996), not when it has made a discretionary decision against one.

The appeal is therefore dismissed.