UNITED STATES of America,
Plaintiff–Appellee,

v.

Joel Rex PRIDGEN, Defendant–
Appellant.

No. 95–5151.

United States Court of Appeals,
Fourth Circuit.

Argued July 13, 1995.

Decided Aug. 31, 1995.

**ARGUED:** James B. Craven, III, Durham, NC, for appellant. John Samuel Bowler, Asst. U.S. Atty., Raleigh, NC, for appellee. **ON BRIEF:** Janice McKenzie Cole, U.S. Atty., Raleigh, NC, for appellee.

Before WILKINS and WILLIAMS, Circuit Judges, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.

Dismissed in part and affirmed in part by published opinion. Judge WILKINS wrote the opinion, in which Judge WILLIAMS and Judge NORTON joined.

## OPINION

WILKINS, Circuit Judge:

Joel Rex Pridgen appeals a decision of the district court denying a motion by the Gov-

ernment seeking a reduction in the sentence previously imposed upon him by that court due to his subsequent substantial assistance to authorities. *See* Fed.R.Crim.P. 35(b). We dismiss in part and affirm in part.

## I.

In 1993, Pridgen pled guilty to one count of bank robbery and aiding and abetting, *see* 18 U.S.C.A. § 2113(a) (West Supp.1995); 18 U.S.C.A. § 2(a) (West 1969), and one count of possession of unregistered hand grenades, *see* 26 U.S.C.A. § 5861(d) (West 1989). The district court sentenced him to 87 months imprisonment—the maximum punishment under the applicable guideline range. Pridgen then assisted authorities in their investigation and prosecution of his wife, a codefendant. Pridgen's wife ultimately pled guilty on the day her trial was scheduled to begin after learning that Pridgen planned to testify against her.

Thereafter, the Government filed a timely Rule 35(b) [1] motion, informing the court that Pridgen had provided truthful information concerning his wife's involvement in the offenses and had assisted in her prosecution by standing ready to testify against her.[2] The Government requested that the court reduce Pridgen's sentence.

The district court, however, declined to do so. Although recognizing its authority to depart and impose a lower sentence, the court determined that the information and assistance provided by Pridgen "was not so significant or substantial as to warrant a downward departure from the sentence previously imposed." From this decision, Pridgen appeals.

## II.

The initial question we must address is whether we may review Pridgen's appeal from a Rule 35(b) ruling. Pridgen asserts that the decision to grant or deny relief under Rule 35(b) is committed to the sound discretion of the district court and that therefore we may review its decision for an abuse of discretion. The Government, however, insists that Pridgen's appeal does not fall within those categories of appeals permitted by 18 U.S.C.A. § 3742(a) (West 1985 & Supp. 1995), and accordingly we may not review it.

■ Because the right to appeal is not protected by the Constitution, any right to appeal must be found in an applicable statute. *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977). The circumstances in which a sentence may be appealed are governed by 18 U.S.C.A. § 3742. This section provides in pertinent part:

> *(a) Appeal by a defendant.*—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
>
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than

---

1. Rule 35(b) provides in pertinent part:
   The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.... The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.

2. After initially filing a timely Rule 35(b) motion, the Government withdrew it due to a misunderstanding that resulted from a change in personnel in the United States Attorney's Office. While Pridgen's subsequent appeal was pending, the Government agreed that it should not have withdrawn the motion, and this court dismissed the appeal to permit the parties to proceed before the district court. On remand, the Government again moved the district court, and that court deemed the motion filed nunc pro tunc to the prior motion.

the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

This court has previously ruled that this statute forecloses appellate review of a decision of a district court to sentence a defendant within the properly calculated guideline range, *see United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir.1994), or not to depart downward from that guideline range, so long as the district court does not misconstrue its authority to do so, *see, e.g., United States v. Bayerle*, 898 F.2d 28, 30–31 (4th Cir.), *cert. denied*, 498 U.S. 819, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990). Here, Pridgen seeks to challenge the refusal of the district court to reduce his sentence within the applicable guideline range or to depart downward from it.

■ This court has not previously addressed the circumstances in which we may review the ruling of a district court on a Rule 35(b) motion for a reduction of sentence.[3] The majority of the courts of appeals that have addressed this question have concluded that an appeal from a decision on a Rule 35(b) motion by the Government is governed by § 3742 and is reviewable only to the extent permitted by that section. *Compare United States v. Arishi*, 54 F.3d 596 (9th Cir.1995) (because defendant's appeal of decision denying a Rule 35(b) motion not provided for by § 3742, it was not reviewable on appeal) *and United States v. Chavarria–Herrara*, 15 F.3d 1033, 1035–36 (11th Cir.1994) (court of appeals has jurisdiction to review ruling resulting from Government's Rule 35(b) motion when one of the § 3742 criteria is satisfied) *with United States v. McAndrews*, 12 F.3d 273, 277 (1st Cir.1993) (deci-

sion on Rule 35(b) motion is a final order, not a sentence, and appeal therefrom governed by 28 U.S.C.A. § 1291 (West 1993), not § 3742). *See also United States v. Lee*, 46 F.3d 674, 677 (7th Cir.1995) (reviewing Rule 35(b) decision for abuse of discretion, citing *McAndrews*). We agree with the majority view that the decision of a district court to deny the Government's Rule 35(b) motion, and therefore to leave the previously imposed sentence undisturbed, is an appeal from an otherwise final sentence. And, in enacting § 3742 and amending Rule 35(b) in the Comprehensive Crime Control Act of 1984, Congress clearly indicated that appeals from Rule 35(b) rulings should be governed by § 3742. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 158 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3341 (Congress amended Rule 35(b) "to accord with the provisions of proposed section 3742 of title 18 concerning appellate review of sentence."). Further, a decision of a district court not to depart downward in response to the Government's substantial assistance motion based upon a defendant's assistance prior to sentencing is unreviewable. *See United States v. Graham*, 946 F.2d 19, 22 (4th Cir.1991). Thus, a holding that § 3742 does not apply to an appeal of a refusal to grant the Government's Rule 35(b) motion for reduction of sentence based upon assistance the defendant provided subsequent to sentencing, thereby permitting review of that decision, would produce an anomalous result. In addition, such a conclusion would have the deleterious effect of encouraging defendants to postpone their assistance to the Government to manipulate the timing of the motion in order to receive a more favorable standard of review in the event a district court failed to grant the Government's motion. We therefore con-

3. Prior to the time 18 U.S.C.A. § 3742 and the current version of Rule 35(b) were applicable, this court had held that the denial of a Rule 35(b) motion was reviewed for an abuse of discretion. *See United States v. Guglielmi*, 929 F.2d 1001, 1004 (4th Cir.1991). However, in enacting § 3742 and amending Rule 35(b), Congress sought to "establish 'a *limited practice* of appellate review of sentences in the federal criminal justice system,'" *United States v. Tucker*, 892 F.2d 8, 10 (1st Cir.1989) (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 149 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3332), including sentencing decisions resulting from Rule 35(b) mo-

tions, S.Rep. No. 225, 98th Cong., 2d Sess. 158 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3341. Congress' intent to modify those instances in which federal sentences may be subject to appellate review leaves open the question of the appealability of a ruling by a district court on the Government's Rule 35(b) motion. *Cf. United States v. Richardson*, 939 F.2d 135, 140 (4th Cir.) (noting that court need not resolve this question of appealability on the facts presented), *cert. denied*, 502 U.S. 987, 112 S.Ct. 599, 116 L.Ed.2d 623 (1991) *and* 502 U.S. 1061, 112 S.Ct. 942, 117 L.Ed.2d 112 (1992).

**150**

clude that § 3742(a) governs the instances in which a defendant may appeal a district court ruling on a Rule 35(b) motion. Accordingly, because § 3742(a) does not permit Pridgen to appeal the refusal of the district court to depart downward from, or reduce his sentence within, the applicable guideline range, we dismiss his challenge to the Rule 35(b) ruling.

### III.

■ Alternatively, Pridgen asserts that the district court abused its discretion in failing to conduct an evidentiary hearing on the Government's motion. Because this allegation of error does not attack the merits of the decision of the district court not to depart, a separate inquiry into the appealability of this issue is necessary. *See United States v. Yesil,* 991 F.2d 1527, 1531–33 (11th Cir. 1992). We conclude this claim is one that alleges that the sentence was imposed in violation of law, and accordingly may be reviewed by this court pursuant to § 3742(a)(1).

■ The decision of the district court to conduct an evidentiary hearing is a matter left to the sound discretion of the district court, and we will review that decision only for an abuse of discretion. *Id.* at 1531. Although Pridgen concedes that normally an evidentiary hearing on a Rule 35(b) motion is unnecessary, he maintains that the district court abused its discretion in failing to conduct such a hearing here because it "would have helped clear up some apparent confusion" concerning the extent of his assistance. Pridgen perceives that the district court was confused concerning his assistance because the court referred to Pridgen's "alleged" assistance in its order denying the Government's motion. We cannot agree. The order of the district court clearly indicates its view that, accepting the level of assistance alleged by the Government in its motion, a reduction of Pridgen's sentence simply was not warranted. Pridgen does not claim that the Government failed to make the extent of his assistance known to the district court, *see id.* at 1531–32, nor does he point to any other reason that might necessitate a hearing by the court to properly evaluate it. Consequently, we conclude that the district court did not abuse its discretion in ruling on the

Government's Rule 35(b) motion without conducting a hearing.

*DISMISSED IN PART; AFFIRMED IN PART.*