UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

EZEKIEL C. CROSS, JR.,
            *Defendant-Appellant.*

No. 01-4926

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-99-357)

Submitted: February 27, 2003

Decided: March 13, 2003

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

Dismissed by unpublished per curiam opinion.

### COUNSEL

J. Kevin Holmes, THE STEINBERG LAW FIRM, L.L.P., Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ezekiel Cross, Jr., pled guilty to conspiracy to possess with intent to distribute and distribute heroin and cocaine, 21 U.S.C. § 846 (2000), and was sentenced in May 2000 to a term of 200 months imprisonment. In February 2001, after the government filed a Fed. R. Crim. P. 35(b) motion, Cross' sentence was reduced to 108 months. Cross did not appeal either judgment until November 2001, when he filed a pro se notice of appeal from the February 2001 judgment order. Cross' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising as potentially meritorious issues four allegations of error relating to the indictment and original sentencing, but asserting that in his view there are no meritious issues for appeal. Cross has filed a pro se supplemental brief raising two additional issues relating to his original sentencing.

A criminal defendant has ten days from the entry of the judgment or order at issue to file a notice of appeal. *See* Fed. R. App. P. 4(b); *United States v. Breit*, 754 F.2d 526, 528-29 (4th Cir. 1985) (applying ten-day appeal period to Rule 35 motion). The appeal periods established by Rule 4 are mandatory and jurisdictional. *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978). Cross alleges that this court assumed jurisdiction over his appeal when a deputy clerk informed him that he had "an absolute right of appeal." However, because Cross' notice of appeal from the February 14, 2001, amended judgment was filed beyond the ten-day appeal period and beyond the thirty-day period in which the district court could find excusable neglect and extend the appeal period, this court cannot assert jurisdiction over his appeal.

In his pro se supplemental brief, Cross claims that he would have appealed the amended judgment had the district court informed him at the Rule 35 hearing that he had the right to appeal. However, appeals from a district court ruling on a Rule 35(b) motion for reduction of sentence are governed by 18 U.S.C. § 3742(a) (2000). *United States v. Pridgen*, 64 F.3d 147, 149-50 (4th Cir. 1995). Under that statute, this court does not have jurisdiction to review the extent of the district court's downward departure unless such a departure results in

a sentence that violates the law or is an incorrect application of the guidelines. *United States v. Hill*, 70 F.3d 321, 324 (4th Cir. 1995). Moreover, Cross does not directly contest the reduced sentence imposed on February 14, 2001, but seeks instead to challenge his original sentence. Because Cross did not file a timely appeal from the original judgment entered on May 17, 2000, this court lacks jurisdiction to consider any of the issues he seeks to raise here.

Pursuant to *Anders*, this court has reviewed the record to determine whether there is any basis for jurisdiction over the appeal and found none. We therefore dismiss the appeal for lack of jurisdiction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*