UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

GREGORY VINES HARRELL, a/k/a
Steel,

*Defendant-Appellant.*

No. 02-7248

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-99-27-HO)

Submitted: July 11, 2003

Decided: August 13, 2003

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William T. Peregoy, Wilmington, North Carolina, for Appellant.
Anne Margaret Hayes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Gregory Vines Harrell appeals the district court's denial of his motion to reconsider its order granting the Government's motion to withdraw its conditional Fed. R. Crim. P. 35(b) motion. Harrell's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although counsel states that there are no meritorious issues for appeal, he challenges the district court's failure to hold an evidentiary hearing on the Government's withdrawal motion. The Government elected not to file a formal brief, and Harrell filed a supplemental brief. In accordance with *Anders*, we have considered the briefs and examined the entire record for meritorious issues.

On appeal, Harrell's counsel challenges the district court's failure to allow Harrell an opportunity to be heard in response to the Government's motion to withdraw its 35(b) motion. For the following reasons, we disagree.

It is well-settled that whether to file a 35(b) motion is a matter left to the government's discretion. *See* Fed. R. Crim. P. 35(b); *see also United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993). However, the United States Supreme Court has held that a court may grant a downward departure in the absence of a government motion if: (1) the government has obligated itself in the plea agreement to move for a departure; or (2) the government's refusal to move for a departure was based on an unconstitutional motive. *See Wade v. United States*, 504 U.S. 181, 186 (1992). We find that Harrell can demonstrate neither, thus requiring a finding that the Government retained absolute discretion whether to pursue a Rule 35(b) motion.

The plea agreement states in relevant part as follows: "[the Government] will make known to the Court at sentencing the full extent of Defendant's cooperation, but the Government is not promising to move for departure pursuant to . . . Fed. R. Crim. P. 35." A plain reading of the plea agreement thus reveals not only that the Government did not obligate itself to pursue a Rule 35(b) motion, it affirmatively retained absolute discretion over the matter.

Moreover, there is no evidence that the Government refused to pursue the Rule 35(b) motion based on an unconstitutional motive. The Rule 35(b) motion states that Harrell was expected to be a witness in subsequent months, and that because he was still cooperating and further assistance and testimony might be required, the Government requested that the motion be "held in abeyance until completion of that assistance." The motion is also explicit that it was "subject to being withdrawn should the defendant not complete his cooperation." Consistent with the Rule 35(b) motion, the Government's withdrawal motion explained that it had been unable to secure prosecutions of individuals about whom Harrell had provided information.

Accordingly, pursuant to both the plea agreement and the Rule 35(b) motion, the Government's obligation to seek a reduction of Harrell's sentence was contingent upon what it deemed to be Harrell's substantial assistance, and the Government explicitly retained the right to withdraw the motion if Harrell failed to fulfill his continuing obligation to provide that substantial assistance. Thus, we find that the district court did not err by denying Harrell's motion to reconsider its order granting the Government's withdrawal motion.

Moreover, whether to conduct an evidentiary hearing on a Rule 35(b) motion is a matter left to the sound discretion of the district court. *See United States v. Pridgen*, 64 F.3d 147, 150 (4th Cir. 1995). In its order denying Harrell's motion for reconsideration, the district court explicitly stated that it had enough information to make a decision without the need for a hearing. Thus, we find that the district court's failure to grant such a hearing did not amount to an abuse of discretion. In any event, Harrell has had the opportunity to be heard, once by the district court in his motion for reconsideration, and now by this court.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's order denying Harrell's motion for reconsideration. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*