**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4413

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEOFFREY EVERNARD MORGAN, a/k/a Geoffrey
Everward Morgan, a/k/a Chilly Morgan, a/k/a G.
E. Morgan, a/k/a Geoffrey Morgan, a/k/a
Geoffrey Evennard Morgan, a/k/a Godffrey
Morgan, a/k/a Geoffrey Evenand Mergan, a/k/a
Geoffrey E. Morgan,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-02-845)

Submitted:  March 30, 2005          Decided:  April 26, 2005

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kathrine H. Hudgins, KATHRINE HAGGARD HUDGINS, P.A., Columbia,
South Carolina, for Appellant. Lee Ellis Berlinsky, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Geoffrey Evernard Morgan appeals from the district court's order granting the Government's motion under Fed. R. Crim. P. 35(b) and reducing Morgan's sentence for armed robbery from 210 months imprisonment to 174 months imprisonment, based on Morgan's assistance in a murder prosecution. Morgan's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising a claim that Morgan's original sentence violated Blakely v. Washington, 124 S. Ct. 2531 (2004), but concluding that this court has no jurisdiction to review the amended sentence and the Blakely claim was waived by failure to appeal the original sentence. Morgan has filed a pro se supplemental brief challenging the extent of the reduction in sentence, which he submits would have been larger if not for the ineffective assistance of his counsel.

The extent of a departure under Rule 35(b) is not appealable, unless the sentence was imposed in violation of the law. United States v. Pridgen, 64 F.3d 147, 149-50 (4th Cir. 1995). Because the extent of departure is left to the court's discretion under Rule 35(b), Morgan's sentence did not violate the law. Moreover, since ineffective assistance of counsel is not conclusive on the record, such a claim is not cognizable on direct appeal and should, instead, be brought in a 28 U.S.C. § 2255 (2000) proceeding. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), cert. denied, 540 U.S. 1134 (2004).

Moreover, any challenge to Morgan's initial sentence was waived by Morgan's failure to appeal that sentence. See United States v. Abdenbi, 361 F.3d 1282, 1289 (10th Cir. 2004), cert. denied, 125 S. Ct. 197 (2004). Morgan cannot resurrect a voluntarily forfeited direct appeal simply because the district court subsequently resentenced him pursuant to a Rule 35(b) proceeding. Regarding his amended sentence, the resentencing was not based on the sentencing guidelines, and the court did not act under the false impression that a reduction in sentence or the extent thereof was mandated. Thus, we find that Morgan's amended sentence does not implicate Blakely.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We thus affirm Morgan's amended sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -