**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7938

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY WHITES, a/k/a Marcus D. Whites, a/k/a
Anthony Chavalier Whites,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (CR-02-83)

Submitted:  June 20, 2005          Decided:  July 19, 2005

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth M. Mathews, Columbia, South Carolina, for Appellant.
Jonathan S. Gasser, Acting United States Attorney, Stacey D.
Haynes, Assistant United States Attorney, Columbia, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Anthony Whites, a/k/a Marcus D. Whites, a/k/a Anthony Chavalier Whites, appeals the district court's order granting the Government's motion to reduce his sentence under Fed. R. Crim. P. 35(b). We conclude that the district court did not abuse its discretion when it granted the Government's Rule 35(b) motion without holding an evidentiary hearing. See United States v. Pridgen, 64 F.3d 147, 149-50 (4th Cir. 1995).

Moreover, Whites' challenge to his original sentence under the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), is without merit. A final judgment is one where the judgment of conviction has been rendered, the availability of appeal exhausted, and the time for petitioning the Supreme Court for certiorari has expired. Allen v. Hardy, 478 U.S. 258, 258 n.1 (1986). A later modification to a sentence does not affect the date on which the judgment of conviction became final. See United States v. Sanders, 247 F.3d 139, 143 (4th Cir. 2001). This court affirmed Whites' conviction on July 3, 2003. Whites' conviction became final ninety days later, when the time period for filing his writ of certiorari expired. Whites cannot now resurrect his direct appeal simply because the district court resentenced him pursuant to a Rule 35(b) proceeding. Moreover, his resentencing was not based on the sentencing guidelines. Thus, Whites' Booker challenge fails, and, to the extent he challenges the amount of the reduction

he received, this court lacks jurisdiction to review that determination.  See Pridgen, 64 F.3d at 149-50.

Accordingly, we affirm the decision of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED