**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4731**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID CANTY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   C. Weston Houck, Senior District Judge.  (4:01-cr-00445-CWH)

Submitted:  April 4, 2007                  Decided:  May 1, 2007

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant.  Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Canty pled guilty to conspiring to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1999) and to possession of a firearm after having been convicted of a crime punishable by imprisonment for a year or more, in violation of 18 U.S.C. § 922(g)(1) (2000).

Canty's original sentencing guidelines range on the drug count was 360 months to life imprisonment. The maximum term of imprisonment for the firearm count was ten years. However, prior to sentencing, the Government moved the district court to reduce Canty's sentence based on § 5K1.1 of the guidelines. The district court sentenced Canty to 240 months on Count One and 120 months on Count Six, to be served concurrently.

On June 22, 2006, the Government moved the district court to reduce Canty's sentence further pursuant to Federal Rule of Criminal Procedure 35(b), based on Canty's continuing cooperation following his sentencing. On June 26, 2006, the district court heard evidence presented by way of proffer from both the Government and defense counsel. The court then reduced Canty's sentence from 240 months to 180 months. Canty timely noted an appeal.

Whether a defendant may appeal a sentence is governed by 18 U.S.C. § 3742 (2000). United States v. Pridgen, 64 F.3d 147, 148 (4th Cir. 1995). Section 3742 permits an appeal if the

- 2 -

sentence: (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(a). Accordingly, unless the sentence was imposed in violation of the law, the district court's ruling on a Rule 35 motion is not appealable. United States v. Hartwell, 448 F.3d 707, 713-14 (4th Cir. 2006).

In response to the district court granting the Government's Rule 35(b) motion and reducing his sentence from 240 to 180 months, Canty has filed an Anders v. California, 366 U.S. 738 (1967) brief. In conformity with Anders, Canty was advised of his right to file a supplemental brief; he has elected not to do so. Canty's Anders brief concedes there is no basis for attacking the Rule 35 motion or hearing. However, Canty did file a pro se "notice of appeal/motion for reconsideration" in the district court attacking the sentence reduction as insufficient. Canty, though, fails to establish any violation of law within the meaning of § 3742(a).

Because Canty asserts no ground upon which this court may review the district court's Rule 35 determination, nor has our independent review of the record, in accordance with Anders, revealed any such ground, we dismiss Canty's appeal. This court

requires that counsel inform Canty, in writing, of the right to petition the Supreme Court of the United States for further review. If Canty requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Canty.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED