**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4343**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

KIRKWOOD DONNELL CABINESS,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Danville. Norman K. Moon, District Judge.
(4:02-cr-70031-nkm-1)

_____

Submitted:  June 6, 2008                Decided:  July 3, 2008

_____

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

James J. O'Keeffe, IV, GENTRY, LOCKE, RAKES & MOORE, Roanoke,
Virginia, for Appellant. John L. Brownlee, United States Attorney,
Donald R. Wolthuis, Assistant United States Attorney, Roanoke,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After pleading guilty pursuant to a written plea agreement to multiple drug-related offenses, Kirkwood Cabiness was sentenced to 180 months' imprisonment. At sentencing, the Government moved for a downward departure based on Cabiness' substantial assistance. Consequently, Cabiness was sentenced below the applicable sentencing guidelines range and below the statutory minimum sentence.

Subsequently, the district court granted the Government's Fed. R. Crim. P. 35(b) motion for reduction of sentence in light of Cabiness' assistance in a state murder prosecution. The court reduced Cabiness' sentence to 132 months' imprisonment by written order dated December 29, 2006 ("December 2006 order") and entered an amended judgment reflecting this sentence. Cabiness moved to reconsider the December 2006 order, claiming the district court did not consider the full scope of his cooperation and contending his sentence should be reduced by an additional thirty-four months. The district court denied reconsideration by written order dated March 9, 2007 ("March 2007 order"). Cabiness filed a pro se motion for leave to appeal both orders out of time on March 29, 2007.[*]

We first address the timeliness of Cabiness' appeal of the December 2006 and March 2007 orders. In criminal cases, the

_____

[*]Prior to the district court's order concerning the timeliness of Cabiness' appeal, we directed the parties to address the timeliness issue and appointed appellate counsel for Cabiness.

defendant must file his notice of appeal within ten days of the entry of an order or judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time to file a notice of appeal of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). These time periods are mandatory and jurisdictional. United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991).

By written order, the district court found Cabiness' notice of appeal was untimely as to the court's December 2006 order. This finding was proper, as the notice of appeal was filed outside the thirty-day extension period for excusable neglect or good cause. We therefore dismiss Cabiness' appeal to the extent he challenges the underlying December 2006 order granting the Government's Rule 35(b) motion and imposing a term of 132 months' imprisonment.

Cabiness' notice of appeal from the March 2007 order denying reconsideration was filed during the thirty-day extension period. Exercising an abundance of caution, the district court found Cabiness demonstrated excusable neglect warranting the extension of time of the appeal period from the March 2007 order. Cabiness' appeal of the March 2007 order denying reconsideration is therefore not time-barred.

To the extent Cabiness claimed in his motion for reconsideration that the district court improperly elected not to hold an evidentiary hearing in the sentencing reduction matter, this claim is cognizable on appeal as an allegation that the sentence was imposed in violation of law under 18 U.S.C. § 3742(a)(1) (2000). See United States v. Pridgen, 64 F.3d 147, 149 (4th Cir. 1995). We review for abuse of discretion. See id. at 150. A court abuses its discretion when its ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 405 (1990). In light of these principles and after careful review of the applicable materials in the briefs and Joint Appendix, we find no abuse of discretion.

Accordingly, we affirm the district court's March 2007 order and dismiss Cabiness' appeal to the extent he challenges the December 2006 order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

- 4 -