**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-5114**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MICHAEL DWAYNE BRYANT,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:05-cr-00330-FDW-CH-1)

———————————

Submitted:  June 30, 2008          Decided:  September 2, 2008

———————————

Before NIEMEYER and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David L. Hitchens, LAW OFFICE OF DAVID L. HITCHENS, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Dwayne Bryant appeals his sentence imposed after pleading guilty to conspiracy to defraud the United States, 18 U.S.C. § 371 (2000), mail fraud and aiding and abetting mail fraud, 18 U.S.C.A. §§ 1341 & 2 (West Supp. 2008), and conspiracy to commit money laundering, 18 U.S.C.A. § 1956(h) (West Supp. 2008). Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising sentencing issues but stating that in his opinion, there are no meritorious issues for review. Bryant has not filed a supplemental pro se brief. The Government has declined to file a brief.

Bryant's probation officer recommended an offense level of twenty-three. At sentencing, the Government moved for a three-level reduction in offense level under U.S. Sentencing Guidelines Manual § 5K1.1 (2002) based on Bryant's cooperation in the investigation of the fraudulent home lending schemes with which he was involved. The district court granted the motion. With an offense level of twenty and a criminal history category of I, Bryant's advisory guideline range was 33-41 months. The district court sentenced him to thirty-three months in prison and ordered restitution of $60,768.91.

Bryant argues that the district court should have exercised its discretion to further reduce his offense level below level twenty because his substantial assistance outweighed his

recent state convictions. Whether a defendant may appeal a sentence is governed by 18 U.S.C. § 3742 (2000). <u>United States v. Pridgen</u>, 64 F.3d 147, 148 (4th Cir. 1995). Section 3742 permits an appeal if the sentence: (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(a). We have jurisdiction to hear an appeal of a sentence based on the grounds listed in § 3742, but the court interprets its jurisdiction under § 3742(a) narrowly. <u>United States v. Hill</u>, 70 F.3d 321, 323-24 (4th Cir. 1995). Moreover, we have held that mere dissatisfaction with the extent of a district court's downward departure does not provide a basis for appeal under § 3742. <u>Hill</u>, 70 F.3d at 324. Here, Bryant's sentence was not imposed as a result of an incorrect application of the advisory guidelines nor was it greater than his advisory guidelines range. Finally, the record does not indicate that his sentence was imposed in violation of the law. Accordingly, Bryant's challenge to the extent of the district court's downward departure is barred by § 3742. <u>Hill</u>, 70 F.3d at 324.

Next, Bryant contests a portion of the restitution order. He argues that the loss sustained by First Guaranty Mortgage in relation to real property located at 6622 Thermal Road, Charlotte,

- 3 -

North Carolina, should not have been included in the restitution order because the property was sold by his wife during their separation and he was not involved in the transaction. He also contends that the district court erred in imposing restitution because restitution is only available for losses caused by the conduct underlying the elements of the offense of which the defendant is convicted, and this transaction was not part of the same fraudulent scheme serving as the basis for his conviction. We review a restitution order for an abuse of discretion. United States v. Hoyle, 33 F.3d 415, 420 (4th Cir. 1994).

Under the Victim and Witness Protection Act (VWPA), the district court may order a defendant to pay restitution to any victim of an offense of conviction. See 18 U.S.C.A. § 3663(a)(1)(A) (West Supp. 2008); United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996) (observing that the authority of a district court to order restitution is limited to the terms of the VWPA). Restitution is due a victim under § 3663 if the act that harms is either conduct underlying an element of the offense of conviction, or an act taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction. See Blake, 81 F.3d at 506; see also Hughey v. United States, 495 U.S. 411, 413 (1990) (restitution allowed only "for the loss[es] caused by the specific conduct that is the basis of the offense of conviction.").

We conclude that the district court did not abuse its discretion in holding Bryant responsible for the loss sustained by First Guaranty. Bryant was at the least a co-owner of the property in question. The property was sold to a buyer who was involved in multiple fraudulent purchases. And, in fact, the property went into foreclosure, fitting the pattern of many of the fraudulent purchases made as part of the scheme serving as the basis for Bryant's conviction. We therefore find no abuse of discretion.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Bryant's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>