**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4908**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ANTONIO CAMERON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    Terrence W. Boyle, District Judge.   (5:07-cr-00331-BO-1)

Submitted:  July 7, 2009              Decided:  August 12, 2009

Before MICHAEL, MOTZ, AND SHEDD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Ann M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Cameron timely appeals from the 144-month sentence imposed after his guilty plea pursuant to a written plea agreement, to one count of possession of fifteen or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) (2006) (Count 1), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A (2006) (Count 2). On appeal, Cameron argues that: (1) he was prejudiced by the district court's failure to give notice of its intent to sentence him above the advisory Guidelines range; (2) his sentence is unreasonable; and (3) his case should be reassigned to another district court judge on remand. We affirm Cameron's conviction, but vacate his sentence and remand for resentencing.

I.

Cameron first asserts that the district court erred by failing to give him pre-hearing notice, pursuant to Federal Rule of Criminal Procedure 32(h), that it was considering an upward variance. Rule 32(h) requires the sentencing court to give the parties "reasonable notice" that it is considering a departure from the applicable Guidelines range "on a ground not identified for departure either in the presentence report or in a party's prehearing submission." Fed. R. Crim. P. 32(h). Cameron relies

our decision in United States v. Fancher, 513 F.3d 424, 430 (4th Cir. 2008) for the proposition that Rule 32(h) applies to variances. However, after Fancher, the Supreme Court considered the same issue, concluding that Rule 32(h) does not apply to variances. Irizarry v. United States, 128 S. Ct. 2198, 2202 (2008). Accordingly, the district court did not err by failing to give Cameron notice that it was considering an upward variance.

Cameron also asserts that the lack of notice violated his right to due process. However, the Irizarry Court unambiguously concluded that "[t]he due process concerns that motivated the Court to require notice in a world of mandatory Guidelines no longer provide a basis" to extend Rule 32(h) to variance sentences, since the Guidelines are now advisory. Id. Thus, Cameron's due process argument fails.

II.

Most of Cameron's remaining arguments question the reasonableness of his sentence. Consistent with United States v. Booker, 543 U.S. 220 (2005), the district court is required to follow a multi-step process at sentencing. First, it must calculate the proper sentencing range prescribed by the Guidelines. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 596 (2007); see also United States v. Abu Ali, 528 F.3d

3

210, 260 (4th Cir. 2008).  It must then consider that range in light of the parties' arguments regarding the appropriate sentence and the factors set out in 18 U.S.C. § 3553(a) (2006), before imposing its sentence.  Gall, 128 S. Ct. at 596; see also Abu Ali, 528 F.3d at 260.  If the district court determines that a sentence outside the Guidelines is appropriate, the court "should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law."  United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006).  If the district court determines that a departure is inappropriate, it may impose a variance sentence.  Id.  We review the district court's sentence for abuse of discretion.  Gall, 128 S. Ct. at 591.

When reviewing the district court's sentence, we must first ensure the district court did not commit any "significant procedural error," such as failing to consider the 18 U.S.C. § 3553(a) factors or "failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range."  Id. at 597.  The district court is not required to "robotically tick through § 3553(a)'s every subsection."  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  However, the district court must "place on the record an individualized assessment based on the particular facts of the case before it.  This individualized assessment need not be elaborate or lengthy, but it must provide a

4

rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks, footnote, and citations omitted). Further, in imposing a variance sentence, the district court "must consider the extent of the deviation and ensure that the justification is significantly compelling to support the degree of the variance. . . . [I]t [is] uncontroversial that a major departure should be supported by a more significant justification than a minor one." Gall, 128 S. Ct. at 597.

When imposing Cameron's sentence, the district court failed to provide a sufficient, individualized assessment of the § 3553(a) factors as required by Carter. Given the extent of the upward variance, we find that the district court's brief explanation does not adequately explain the reasons for the variance. See Carter, 564 F.3d at 328-29. Accordingly, we conclude that the district court committed procedural error and thus abused its discretion when imposing sentence.[*] We thus vacate Cameron's sentence and remand for resentencing.

---

[*] Because we find that Cameron's sentence is procedurally unreasonable, we need not consider whether his sentence is substantively unreasonable. See Gall, 552 U.S. at __, 128 S. Ct. at 597.

5

III.

Cameron requests that his case be assigned to a different judge on remand. The propriety of reassigning a case depends on:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected,

(2) whether reassignment is advisable to preserve the appearance of justice, and

(3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

United States v. Guglielmi, 929 F.2d 1001, 1007 (4th Cir. 1991) (internal citation omitted), superseded on other grounds by statute, United States v. Pridigen, 64 F.3d 147, 150 n.3 (4th Cir. 1995). Counsel has conceded that he is not sure Cameron's request meets the requirements of Guglielmi. Having considered the Guglielmi factors, we find that it is unnecessary to reassign this case to a different judge.

For the foregoing reasons, we affirm Cameron's convictions, but vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

6

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>