**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7023**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CLIFFORD BROMELL, a/k/a Pappy,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   C. Weston Houck, Senior District
Judge.  (4:03-cr-00474-CWH-6)

Submitted:  May 24, 2010              Decided:  June 11, 2010

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence,
South Carolina, for Appellant.   Alfred William Walker Bethea,
Jr., Assistant United States Attorney, Florence, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifford Bromell seeks to appeal the district court's grant of the Government's Fed. R. Crim. P. 35(b) motion for a reduction in sentence for substantial assistance. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Bromell may appeal the grant of a Rule 35(b) motion and concluding that he may not. Bromell has filed a pro se supplemental brief, and the Government has elected not to file a brief.

Bromell pled guilty in 2003 to one count of conspiracy to distribute 50 grams or more of cocaine base and five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) (2006), and he was sentenced to 188 months in prison. In 2009, after Bromell rendered substantial assistance to the Government in a number of cases, the Government moved for a reduction in Bromell's sentence pursuant to Fed. R. Crim. P. 35(b). After a hearing, the district court reduced Bromell's sentence from 188 months to 164 months. Bromell now challenges that decision, seeking greater leniency.

In his Anders brief, Bromell's counsel concludes that under United States v. Pridgen, 64 F.3d 147 (4th Cir. 1995), Bromell may not appeal the district court's grant of the Government's Rule 35(b) motion. We agree. In Pridgen, we concluded that 18 U.S.C. § 3742(a) (2006) does not permit a

2

party to appeal a district court's decision to refuse to depart downward from, or reduce a sentence within the applicable Guidelines range in the context of a Rule 35(b) motion, absent exceptions not applicable in this case. Pridgen, 64 F.3d at 149-50; see United States v. Hartwell, 448 F.3d 707, 712-14 (4th Cir. 2006). It follows, of course, that a party may similarly not appeal the district court's decision to reduce a sentence when that party seeks a further reduction.

Bromell's pro se brief reflects his dissatisfaction with the reduction he received, but does not set forth a colorable argument that the district's court order is reviewable. Because he may not appeal the district court's order, we do not consider the merits of his claim. In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. We therefore dismiss the appeal for lack of jurisdiction. This court requires that counsel inform Bromell, in writing, of the right to petition the Supreme Court of the United States for further review. If Bromell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bromell.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED