**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4335**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LONNIE LAMONT DOZIER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (4:03-cr-00372-TLW-1)

Submitted:  November 30, 2010      Decided:  December 17, 2010

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew  Mackenzie,  BARRETT-MACKENZIE,  LLC,  Greenville,  South Carolina,  for  Appellant.   Carrie  Ann  Fisher,  Assistant  United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Lamont Dozier appeals the district court's grant in part of the government's Fed. R. Crim. P. 35(b) motion to reduce his sentence for substantial assistance. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the district court's chosen method of reducing the sentence constituted a violation of law or an incorrect application of the sentencing guidelines. Dozier was notified of his right to file a pro se supplemental brief, but has not filed a brief. For the reasons explained below, we affirm the amended judgment.

"[A]ppeals from rulings on Rule 35(b) motions are governed by 18 U.S.C. § 3742 [(2006)]." United States v. Hartwell, 448 F.3d 707, 712 (4th Cir. 2006) (citing United States v. Pridgen, 64 F.3d 147, 149 (4th Cir. 1995)). This court does not have "jurisdiction to review the extent of the district court's downward departure, except in instances in which the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines." United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995).

If a defendant alleges that his otherwise final sentence was imposed in violation of law, however, he "may make that claim in appealing a ruling on a Rule 35(b) motion."

Hartwell, 448 F.3d at 713.  Such a claim is reviewed for abuse of discretion.  See Pridgen, 64 F.3d at 150.

In the Anders brief, appellate counsel states that Dozier takes the position that the district court's refusal to structure the reduction by reducing the offense level "resulted in a sentence imposed in violation of law and/or resulted from an incorrect application of the sentencing guidelines."  This claim is one that we have jurisdiction to review.  However, because Dozier did not preserve this claim for appeal, it is reviewed for plain error.  United States v. Olano, 507 U.S. 725, 732-37 (1993).

We conclude that the district court did not plainly err in choosing to reduce Dozier's total sentence by months rather than by reducing the offense level and imposing sentence within a revised guideline range.  Therefore, the court did not abuse its discretion by reducing Dozier's sentence in this manner.  Further, the court did not abuse its discretion in denying his motion for reconsideration.

Accordingly, we affirm the sentence imposed by the district court.  In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. This court requires that counsel inform Dozier, in writing, of his right to petition the Supreme Court of the United States for further review.  If Dozier requests that a petition be filed,

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dozier. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED