**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-7737**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ROBERT GENARD BYRD, a/k/a Stank,

              Defendant – Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-01042-TLW-2)

———————

Submitted:  July 28, 2011        Decided:  August 1, 2011

———————

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Kathy Price Elmore, ORR ELMORE & ERVIN, LLC, Florence, South Carolina, for Appellant.  Carrie Ann Fisher, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Genard Byrd seeks to appeal the district court's amended judgment granting the Government's Fed. R. Crim. P. 35(b) motion and reducing Byrd's sentence from 192 months to 132 months in prison.[*] Byrd's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in not reducing Byrd's sentence further. Byrd was informed of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a responsive brief.

We lack the authority to review a district court's decision concerning Rule 35(b) motions unless the ultimate sentence was imposed in violation of the law. United States v. Hartwell, 448 F.3d 707, 712-14 (4th Cir. 2006); United States v. Pridgen, 64 F.3d 147, 148-50 (4th Cir. 1995); see 18 U.S.C. § 3742 (2006). We conclude that the sentence Byrd received was not imposed in violation of the law. Thus, we lack the authority to review the district court's amended judgment.

---

[*] Byrd was originally sentenced to 300 months' imprisonment. Pursuant to the amendment to the Guidelines for crack cocaine offenses, Byrd's sentence was later reduced to 192 months' imprisonment.

Because Byrd asserts no ground upon which this court may review the district court's Rule 35 determination, nor has our independent review of the record, in accordance with <u>Anders</u>, revealed any such ground, we dismiss Byrd's appeal. This court requires that counsel inform Byrd, in writing, of his right to petition the Supreme Court of the United States for further review. If Byrd requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Byrd. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>